THE STATE OF KANSAS v. WILLIAM E. LABERTEW.

1. PROSECUTING WITNESS—*Name Changed by Marriage — May Properly Testify.* Where cattle belonging to Mrs. N. are stolen, and before the filing of the information she marries and becomes Mrs. A., an information charging the larceny of the cattle of Mrs. N. is not objectionable in form on account of her change of name; and where her name is indorsed on the information as Mrs. N. she may properly testify as a witness without any new or different indorsement.

2. CATTLE, *Stolen From Various Owners — Competent Evidence.* Where the defendant is charged with the larceny of three head of cattle belonging to N., and it appears on the trial that 13 head of other cattle belonging to various individuals were stolen and driven away at the same time with those described in the information, it is not error to permit witnesses to testify with reference to all the cattle taken and the ownership of them, and to the fact that they were all found together in the possession of the defendant.

*Appeal from Cheyenne District Court.*

PROSECUTION for stealing certain cattle. From a conviction, the defendant, *William E. Labertew,* appeals. The opinion, filed October 5, 1895, states the material facts.

*Thomas F. Egan, W. B. Ingersol,* and *Bertram & McElroy,* for appellant.

*F. B. Dawes,* attorney general, and *I. M. Egan,* county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J. : The defendant was charged with the larceny of 16 head of cattle. The information contained six counts. The first one charged the taking of a two-year-old bull and two heifers belonging to Martha J. Nichols. The other counts charged the larceny of cattle belonging to other parties, alleged to

have been taken at the same time from the premises of said Martha J. Nichols. On motion of the defendant, the county attorney was required to elect on which count of the information the state would rely for conviction, and he elected to stand on the first count. The trial resulted in the conviction of the defendant, from which he appeals.

Many errors are alleged, but we think none of them require extended notice. After the larceny, and before the filing of the information, Martha J. Nichols married a man named Arnold, and it is said that the information is defective because it charges the larceny of the property of Martha J. Nichols. The objection is not good. The information correctly states the ownership of the property at the time of the larceny. The name, Martha J. Nichols, was indorsed on the information. Objection was made to the examination of Martha J. Arnold as a witness, because her name did not appear on the information. The witness was the same person as the one whose name was indorsed on the information, and the defendant must certainly have known who was intended, and could not have been surprised by the introduction of her testimony, she being the person whose property was charged to have been stolen.

The evidence in the case showed that Mrs. Nichols lived near Bird City ; that she, with the aid of her sons, kept a herd of cattle ; that they were placed in a corral at night. There were about 75 head of cattle in the corral. On the night of Saturday, June 11, 1893, the cattle were placed in the corral, which was closed with a wire gate. On the next morning the gate was found open, thrown inside, and all the cattle but 16 head were found out in the oat-field. Mrs. Nichols's sons, with a neighbor, tracked the missing

cattle to the vicinity of St. Francis, and found them in a car, which the defendant had engaged, ready to be shipped to Omaha. They found the whole 16 head together, including the cattle belonging to Mrs. Nichols as well as those belonging to other parties, and described in the subsequent counts of the information. The owners of the other cattle were called as witnesses and testified to the fact of ownership, and also to finding their cattle in the stock-yards at St. Francis on the day after they were discovered in the car, they having been turned into the stock-yards from the car. Some of this testimony was stricken out on motion of the defendant, but it is claimed that there was error in the admission of the testimony, and that it was not cured by the attempt to withdraw it from the jury. Under the facts in this case, we think there was no error in the admission of the testimony in the first instance. In proving the larceny of Mrs. Nichols's cattle, it was entirely proper to show just what was done. Mrs. Nichols's cattle were not taken separately, but together with 13 others, and it was entirely proper to show that the 13 others were taken from the same corral at the same time, that they were found in the stock-yards at St. Francis, and also to show to whom they belonged, not for the purpose of convicting the defendant of different larcenies, but as facts directly connected with the larceny of the cattle belonging to Mrs. Nichols.

We perceive no error in the ruling of the court on the cross-examination of Orbin Boggs, nor in permitting the indorsement of the name of A. Riddle on the information.

The seventh and eighth instructions correctly state the law, and were applicable to the facts.

Complaint is also made of the remarks of the county

attorney in his argument of the case to the jury. It appears that he attempted to discuss some matters not properly in the case, but on objection by the defendant was promptly cautioned by the court to confine his argument within legitimate limits. Although we cannot say that all of the remarks of the county attorney were proper, yet we are unable to find anything of sufficient importance to require a reversal of the case.

A motion for a new trial was made and overruled. This, also, is assigned as error. It is claimed that a preponderance of the evidence is in favor of the innocence rather than the guilt of the defendant, and that the evidence entirely fails to show the larceny of the three cattle charged to have been taken, but shows that there was one bull, one heifer, and one steer, instead of one bull and two heifers, as charged in the information. To sustain a conviction, proof of the larceny of any one of the three animals charged to have been taken is sufficient.

We have examined the testimony in the case, and find ample and satisfactory evidence supporting the verdict of the jury. The cattle were taken on Saturday night, and were found in the possession of the defendant Sunday night, ready to be shipped out on a train then about to leave for Omaha. There are many circumstances indicating that the larceny was committed by the defendant, aside from the mere fact that he was found in the possession of the cattle. His story that he bought them of Hanson, and that Hanson delivered them to him a mile and a half up the river, and Hanson's statement in his deposition that he sold the cattle to Labertew and delivered to him 16 head belonging to Mrs. Sawyer, is not very convincing proof of his innocence. It is possible that Hanson may have had some connection with the larceny,

but we think the evidence very satisfactorily shows that no such transaction took place as that of the sale and delivery of these cattle by Hanson to Labertew. It is very clear that the cattle found in the defendant's possession came from Mrs. Nichols's corral, and not from Mrs. Sawyer's. It is seldom that a more satisfactory showing of guilt is made, and we find no reason to set aside the action of the court or jury in the case.

The judgment is affirmed.

All the Justices concurring.