# COURTS OF APPEALS,

## STATE OF KANSAS.

### THE STATE OF KANSAS v. SETH JONES.

#### No. 309.

1. INDICTMENT, *Duly Returned — Record Sufficient.* Where the record discloses that an indictment was signed by the county attorney, indorsed "A true bill" by the foreman of the grand jury, and filed by the clerk, it is sufficient to show that the indictment was duly returned and presented in open court.

2. ———— *Sufficient Indorsement by Foreman.* Where the foreman of the grand jury writes at the foot of an indictment and immediately succeeding the last count therein, "A true bill," and signs his name thereto, the said indictment is sufficiently indorsed, within the meaning of section 98 of the code of criminal procedure.

3. ———— *Indorsement of Witnesses —Continuance.* It is within the sound discretion of the trial court to permit names of additional witnesses to be indorsed on an indictment even after the commencement of the trial, and to grant or refuse a continuance requested by defendant on account of the indorsing of such names; and a judgment will not be reversed on account of such permission and a refusal of such continuance, unless it appears that the same was an abuse of such discretion.

4. PROHIBITORY-LIQUOR LAW—*Trial—Election.* The election made by the state in this case examined, and *held* sufficient as to each count upon which defendant was convicted.

MEMORANDUM.—Appeal from Reno district court; F. L. MARTIN, judge. Prosecution brought by The State against Seth Jones, charging violations of the

1—2 APP.

prohibitory-liquor law.   Conviction.   Defendant appeals.   Affirmed.   The facts are sufficiently stated in the opinion, filed November 9, 1895.

*Davidson & Williams*, for appellant.

*F. B. Dawes*, attorney general, *L. M. Fall*, county attorney, and *Z. L. Wise*, deputy county attorney, for The State.

The opinion of the court was delivered by

COLE, J. : The defendant, Seth Jones, was charged by indictment in the district court of Reno county with unlawful sales of intoxicating liquors.   The indictment contained 15 counts, each setting forth a distinct sale.   The defendant was found guilty upon each of said counts excepting the third, fifth, twelfth, and thirteenth, and was sentenced to pay a fine of $100 and to be confined in the county jail of Reno county for a period of 30 days on each of said counts upon which he had been convicted.   From such conviction the defendant appeals to this court.

A number of errors are alleged by the defendant. The first and second may be considered together, and are that the court erred in overruling the defendant's motion to quash the indictment, and that the court erred in finding against defendant on his plea in abatement.   The particular grounds urged for the position of the defendant are, that the bill of indictment was not signed upon the back of the same by the foreman of the grand jury, and that the record does not disclose that the said indictment was presented by the grand jury in open court by the foreman and in the presence of the grand jury.   The position of the defendant is not well taken.   The indictment in this case was indorsed at the close of

said indictment, just after the fifteenth and last count of the same, "A true bill," followed by the signature of C. W. Gray, foreman.    The word *indorse* usually signifies, to. write upon the back of a paper or written instrument; but that is not the full meaning of the word.    It also signifies to give sanction to.    We apprehend that the foreman of a grand jury may properly comply with the statute by sanctioning the bill of indictment at the foot thereof as well as by writing his name upon the back of the bill.    The real purpose of the statute is that the sanction of the bill by the grand jury may be shown upon the record, and the evidence of that sanction is the signature of the foreman of that body.    The statute does not prescribe who shall indorse the names of the witnesses, and, so long as they are placed upon the indictment by one who represents the state in the prosecution of the offense stated in the indictment the indorsement is sufficient.    The record in this case discloses that the indictment was signed by the county attorney, indorsed "A true bill" by the foreman of the grand jury, and filed by the clerk of the district court of Reno county..    It has been repeatedly held that this is a sufficient record that the .indictment was duly returned and presented in open court.    This cause was tried during the same term at which the indictment was found, and the statute prescribes that the record of the return of indictments and the making of copies thereof shall be made by the clerk during the term at which such indictments are found.    We can see no way in which the rights of the defendant were at all prejudiced, either by the form of this indictment or by the manner of its return, as indicated by the record, and the evidence adduced in the trial of the plea in abatement clearly shows that all the steps

prescribed by the statute were taken in the finding and returning of the same.

The third, fourth, fifth and sixth assignments of error may be considered together. It appears from the record that, after the return of the indictment in this case, the names of certain witnesses were indorsed without leave of court, and, when the cause was called for trial, upon application of the county attorney, the court granted leave properly to indorse said names. This was a matter within the sound discretion of the court; and, from a review of the proceedings had in this case, we cannot see that the rights of the defendant were prejudiced, or that there was any abuse of discretion in permitting the county attorney to indorse the names of these witnesses. (*The State v. Reed*, 53 Kan. 767; *The State v. Price*, 55 id. 606, 40 Pac. Rep. 1000.) Nor do we think the defendant was prejudiced by the refusal of the court to grant a continuance. While it is true that the first indorsement of these names was irregular, yet the record discloses that the attention of the defendant was thereby called to the witnesses, and the trial court was in a positon to judge from all the attendant facts and circumstances what was just in the premises. We are of the opinion, therefore, that the court properly allowed indorsement of the names of the witnesses referred to; and permitted their testimony to be given and to stand in this case.

The seventh assignment of error is, that the court did not require the state to make its elections sufficiently definite and certain. The state elected to ask a conviction upon the first, second, fourth and fifth counts upon the testimony of Elias Davis and George Canfield. The testimony of these witnesses disclosed but one visit to the place in question and some four or

five purchases of beer from the defendant at that time, and the time fixed was within the limitation of the statute, and the election was therefore sufficient to apprise the defendant of the sales relied upon.   The same may be said of the election made by the state as to the sixth, seventh and eighth counts, where the testimony of Andrew Nelson is relied upon.   This witness testifies to but one visit to the place in question, and to at least three distinct purchases from the defendant in person, and fixes the time of such purchases within the limitation of the statute.   Upon the remainder of the counts upon which the defendant was convicted, the state relied upon the testimony of Florence Sigler and Hockerty Shields.   Most of the testimony of these two witnesses was as to sales made not only by the defendant, but by others in his presence, and upon the theory that the defendant was the proprietor of the place where the liquor was sold ; and there was an abundance of testimony to support this proposition. The evidence shows that the place where this liquor was sold was practically a house of prostitution, and that the defendant assumed at various times to be the proprietor of the establishment ; that he shared the profits of the business ; was present when most of the sales were made ; and in several of them was the active assistant, either in serving the liquor or removing empty bottles, glasses, etc.   The evidence further shows that it was impossible to give the names of the persons to whom the specific sales were made, for the reason that persons frequenting such places were not apt to give their real names, either to the inmates or to other visitors ; but the attention of the defendant was sufficiently called to time and place, so that we cannot see that he was not aware of the sales for which a conviction was asked or that the jury was in any

way misled or the rights of the defendant in any manner prejudiced.

The views above expressed also dispose of the objection made by the defendant to the second, third and eighth instructions given by the trial court in this case. They clearly stated the law, and, when taken in connection with the other instructions, very correctly advised the jury of their duty in the case.

No material error appearing in this cause, the judgment is affirmed.

All the Judges concurring.