THE STATE OF KANSAS v. MARTIN E. LOWE.
No. 529.

1. INDICTMENT—*irregularity in selecting grand jury not amounting to corruption, overruling motion to quash, not error.* It is not error for the trial court to overrule a motion to quash an indictment for irregularity in selecting the grand jury, where such irregularity, in the opinion of the court, does not amount to corruption.

2. ———— *indorsement of witness on, at commencement of trial, discretionary, and not reviewable except discretion abused.* It is within the discretion of the trial court to permit the names of additional witnesses to be indorsed on an indictment at the commencement of the trial, and a judgment should not be reversed on account of such permission, unless it appears that such indorsement was an abuse of such discretion.

3. ———— *evidence showing accused guilty of offense other than charged in, competent if also showing element in offense charged.* Evidence tending to prove the accused guilty of an offense not charged in the indictment, is not on that account incompetent, if it tends to prove any fact constituting an element in the offense that is charged in the indictment. If intent is material, any fact is competent against the accused which tends to show the motive of the criminal act charged. In such case the evidence is not incompetent because it may tend to show the accused guilty of another offense than the one charged.

Appeal from Wabaunsee District Court. Hon. William Thomson, Judge. Opinion filed November 5, 1897. *Affirmed.*

*L. C. Boyle*, Attorney General, *A. P. Jetmore*, County Attorney, and *H. B. Jones*, for the State.

*Ferry & Doran*, for appellant.

McELROY, J. This action was instituted in the District Court of Shawnee County, February 20, 1896, by the return of an indictment against the appellant, which charged:

"That on or about the ———— day of December, A. D. 1895, in the county of Shawnee and State of

Kansas, one Martin E. Lowe did then and there unlawfully, knowingly and wilfully, and without the knowledge and consent of the near relatives of one Amelia Van Fleet, a deceased person, remove from the grave and place of interment the dead body and remains of a human being, to wit: the dead body and remains of said Amelia Van Fleet, with the intent and for the purpose of selling the same, and for the purpose of dissection, said dead body and remains then and there not being the body of any criminal executed for crime; contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Kansas."

A warrant was issued, and the defendant was arrested and gave bond for his appearance. An order changing the venue of the cause to Wabaunsee County was made on application of the defendant, and the cause was transferred to the District Court of Wabaunsee County by a duly certified transcript of the proceedings. A motion to quash the indictment was heard, overruled, and exceptions taken. On the eighteenth day of February, 1897, the case was tried, and the jury returned a verdict of guilty. Upon the verdict, the court sentenced the defendant to pay a fine of five hundred dollars and costs, and that he serve a term of six months in the county jail. Motions for a new trial and in arrest of judgment were filed and overruled, and from this judgment and sentence the defendant has appealed.

As causes for reversal, the appellant claims many errors by which he was deprived of substantial justice:

I. The overruling of the motion to quash the indictment. The appellant assigns, as reasons why this motion should have been sustained, (a) that one J. H. Marple, an improper and disqualified person, participated in the drawing of the grand jury

which found the indictment, and such grand jury was drawn in an irregular and unlawful manner; (*b*) that said J. H. Marple, who was not one of the jurors drawn, was selected by the court to fill a vacancy in the panel, and was designated as foreman and served as such; (*c*) that an attorney, other than the county attorney, was allowed to appear before the grand jury and assist the county attorney.

Paragraph 5144 of the General Statutes of 1889 reads: "No plea in abatement, or other objection, shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the court, amounts to corruption, in which case such plea or objection shall be received."

There appear to have been numerous irregularities in the selection of this grand jury, but no suspicion of corruption, so far as we can see, attached to any one except J. H. Marple. If all the evidence offered by the defendant below was admitted as true or was uncontradicted, we should be inclined to hold that the motion should have been sustained; but as most of it was contradicted by other evidence, and the trial court found that the irregularities mentioned did not amount to corruption, we cannot say that the court erred in overruling the motion.

1. Irregularity in selecting grand jury not reversible error.

An attorney other than the county attorney was permitted to appear before the grand jury and assist the county attorney. Paragraph 5147, General Statutes of 1889, provides: "Whenever required by any grand jury, it shall be the duty of the attorney prosecuting in the county to attend them for the purpose of examining witnesses in their presence, or giving them advice upon any legal matter."

Paragraph 5148, General Statutes of 1889, provides :
" Such attorney shall be allowed, at all times, to ap-
pear before the grand jury, on his request, for the
purpose of giving information relative to any matter
cognizable by them, and may be permitted to inter-
rogate witnesses before them, when they or he shall
deem it necessary," etc.  Francis C. Downey was
deputy county attorney of Shawnee County, and one
of the attorneys who prosecuted in that county during
the time the grand jury was in session.  He had a
right to appear before the grand jury on his request,
for the purpose of giving information relative to mat-
ters cognizable by them.  There is no claim that he
in any manner violated his privileges, or prejudiced
the rights of the defendant.  *The State v. Johnson*,
post.  We cannot say that the court erred in over-
ruling the motion.

II.  The appellant claims it was reversible error
for the court to permit the State to indorse the names
of certain witnesses on the information, before the
trial.  Before the trial, the court permitted the State
to indorse on the indictment the names of J. N. Of-
field, C. S. McClintock, John Haisch, Hall Williams
and Tim Donovan.  This the court had a
right to do in the exercise of its discre-
tion.  It is the duty of the county attor-
ney, when an indictment is presented by the grand
jury, to indorse upon the indictment the names of all
the material witnesses known to him at that time.
The names of other witnesses may be indorsed on
such indictment afterward, either before or during the
trial.  It does not appear that the indorsement of the
names of these witnesses prejudiced the rights of the
defendant.  The defendant might very properly have
been given time to investigate the character of the

2. Indorsement of
witness on in-
dictment discre-
tionary.

8—6 KAN. APP.

witnesses and the materiality of the evidence. He did not ask a postponement of the trial. The court committed no error in this respect. ¶ 5164, Gen. Stat. 1889 ; *The State v. Labertew*, 55 Kan. 674 ; *The State v. Jones*, 2 Kan. App. 1.

III. The appellant claims prejudicial error in the admission by the court of certain testimony. He claims this testimony was offered only for the purpose and intent of proving that the defendant was guilty of other offenses, and of impeaching his character. Complaint is made that the court erred in admitting the evidence of Dr. C. S. McClintock. The evidence of McClintock is to the effect that he was demonstrator of anatomy in the Kansas Medical College in 1893 and 1894 ; that he had a conversation with Lowe, and that Lowe said he was working for the college and complained that the college owed him. Complaint is made that the court committed prejudicial error in admitting in evidence certain orders of the Kansas Medical College, which orders, with one exception, were payable to the defendant Lowe. There are six orders, drawn between January, 1894, and March, 1895, in favor of the defendant Lowe, for various sums ranging from two dollars to twenty dollars. Complaint is made that the court committed prejudicial error in admitting the evidence of J. N. Offield. The testimony is, in substance, that the witness Offield was sexton in Rochester Cemetery and was acquainted with the defendant Lowe ; that he saw Lowe passing the Rochester Cemetery in 1893, and again in the fall of the same year ; that he saw the defendant in the cemetery and talked with him about the price of graves and lots ; that, in one of such conversations, the defendant said : " I see I can't do any business here without you knowing it.

If I cannot make some kind of an arrangement with you to get something from this cemetery, I will have to look on the outside, for I see I cannot do anything here without you getting on to me''; that the witness saw Lowe in the cemetery again, in the fall or winter of 1894, and had a conversation with him; that the witness found a hook and showed the same to Lowe, and Lowe claimed the hook, saying he ''had dropped it a few days ago, and would take the hook as he might have use for it''; that Lowe told him, in answer to questions as to what he used the hook for, that ''they simply opened a part of the grave at the head, then opened the box, and then took that hook and pulled the corpse out with it; that it was easy to get rid of the odor; that if one took the clothes off a corpse, the odor would leave so you could handle it.''

It is claimed by the appellant that all of this evidence, admitted over the objection and exception of the defendant, was prejudicial, inadmissible, and incompetent, *first*, because it was an attempt to prove the commission of other distinct crimes by the defendant, and *second*, because its admission was an attempt to prove the defendant's bad character.

Evidence tending to prove the accused guilty of an offense not charged in the indictment is not on that account incompetent, if it tends to prove any fact constituting an element in the offense that is charged in the indictment. To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, linking them together for some purpose intended to be accomplished, or else it is necessary to identify the person, or the actor, by a connection which shows that he who committed the one must have done the other. To constitute criminal

3. Evidence showing accused guilty of other crimes, competent, when.

116        The State v. Lowe.

N. Dept.          Opinion.  McElroy, J.          6 Kan. App.

intent, it is not necessary to show an intent to violate the law. The question is : Did the accused intend to do the thing he did do, and was that thing a violation of the law? Where the prohibition imposed by law, or the punishment prescribed, depends upon the act being done with knowledge or with an evil intent, there must be evidence of such knowledge or evil intent, as well as of the intent to do the act.

In order to convict the defendant of the offense charged, it was necessary to prove : *First*, that the dead body and remains of Amelia Van Fleet, a human being, had been removed from its grave, or place of interment; *second*, that this was done without the knowledge or consent of the near relatives of the said Amelia Van Fleet; *third*, that this was done for the purpose of selling such dead body and remains, or for the purpose of dissection; *fourth*, that said dead body and remains were not those of a criminal executed for crime; *fifth*, that these acts were done by the defendant, or that he knowingly aided, abetted, counseled, or assisted in the same.

It was necessary for the State to show that the removal was knowingly, wilfully, and unlawfully done by the defendant, and that the removal of the body was for the purpose of sale or dissection. The intent and purpose of the defendant in doing the acts complained of, was an element important to be shown by the State. When intent is material, any fact is competent against the accused which tends to show the motive of the criminal act charged; nor is the evidence incompetent because it may tend to show the accused guilty of another offense than that charged.

This testimony was for the purpose of showing the connection of the defendant with the college. It tended to show the business the defendant was en-

THE STATE v. LOWE. 117

Nov. 5, 1897.     Opinion.   McElroy, J.      .      E. Div.

gaged in, and the intent and purpose he had in re-
moving dead bodies. It tended to prove the intent of
the defendant in removing the body of Amelia Van
Fleet from its grave, and that the body was removed
for sale and for dissecting purposes. It tended to
show that the defendant was in the business of pro-
curing bodies for the Kansas Medical College, for
dissecting purposes. It tended to show that the de-
fendant had been in and about the Kansas Medical
College prior to the offense charged in this case, and
that he was paid for his services, sometimes in cash
and sometimes by orders. The evidence complained
of was properly admitted for the purpose of showing
the connection of the appellant with the Kansas
Medical College, and for the purpose of showing the
intent with which the acts done by the appellant were
done. It is a general rule that other and discon-
nected offenses cannot be shown against a defendant
to prove him guilty of the offense charged, or to im-
peach his character; yet the courts generally hold
that such evidence is competent where it tends to
show the motive and intent of the defendant in com-
mitting the act, or any other material fact to be de-
termined. *Lewis v. The State*, 4 Kan. 296; *The State
v. Folwell and White*, 14 id. 105; *The State v. Adams*,
20 id. 311; *The State v. Burns*, 35 id. 387; *The State v.
Coulter*, 40 id. 87; *The State v. Elliott*, 45 id. 525; *The
State v. Reed*, 53 id. 767; *The State v. Labertew*, 55 id.
674; *The State v. Stevens*, 56 id. 720; *The State v.
Marshall*, 2 Kan. App. 792; *The State v. Hughes*, 3
id. 95.

IV. Complaint is made that the court committed
reversible error in instructing the jury:

"Where the verbal admission of a person charged
with crime is offered in evidence, the whole of the ad-

118          THE STATE v. LOWE.

| N. Dept. | Opinion.   McElroy, J. | 6 Kan. App. |

mission must be taken together, as well that part which makes for the accused as that which may make against him; and if the part of his statement which is in favor of the defendant is not disproved, and is not apparently improbable or untrue, then, considered with all the other evidence in the case, such part of the statement is entitled to as much consideration from the jury as any other part of the statement.''

The instruction as given was warranted by the evidence. While there is nothing in the evidence anywhere to show, or tending to show, an admission by the defendant of the commission of the crime charged, there was evidence of an admission by the defendant as to some matters which tended to prove material issues in the trial of the cause, and it was proper and right for the court to instruct the jury as to the effect of such admission.

V. Complaint is made that the court committed prejudicial error in overruling the defendant's motion for a new trial. The jury are the judges of the evidence, its weight, and the credibility of the witnesses. It is for the jury to find what has been proven. The trial court heard the evidence and approved the verdict. From an examination of all the evidence, we are satisfied that the verdict of the jury is supported by the evidence.

An examination of the record shows that the defendant had a fair and impartial trial under the law, and that there was ample, competent evidence to support the finding of the jury. The judgment of the trial court is affirmed.