COMMONWEALTH *vs.* JOHN C. HAYES & others.

Suffolk.    January 4, 1886.    C. ALLEN & GARDNER, JJ., absent.

If goods are stolen in one county and brought into another where an indictment is
found, the testimony of an accomplice in regard to the original taking and to
acts done in respect to the stolen goods in the county where the indictment is
found, is corroborated by testimony of other persons which relates merely to the
original taking.

INDICTMENT in sixteen counts against John C. Hayes, Frank
Williams, Charles Goldstein, and Marks Levi.   The first, third,
fifth, seventh, ninth, eleventh, thirteenth, and fifteenth counts
charged Hayes and Williams jointly with larceny at different
times, at Boston, in the county of Suffolk, in December, 1883,
and January, 1884, and the other counts charged the defendants
Goldstein and Levi with feloniously receiving, &c. the goods
alleged to have been stolen by the other defendants, each count
against Goldstein and Levi stating the same goods mentioned in
the count immediately preceding it.

Trial in the Superior Court, before *Gardner*, J., who allowed
a bill of exceptions, in substance as follows:

Parlin, a shopkeeper in Watertown, and Putnam, a clerk for
Lock, a shopkeeper in Malden, testified to larcenies by the de-
fendants Hayes and Williams from these shops.   There was also
evidence of larcenies by the same defendants from shops in
Lynn, kept by Wolf and by Johnson.   Johnson testified to the
larceny of four pairs of trousers by the same defendants, and
to the finding of three of the pairs at the police station in
Boston after the arrest of Williams, and to Williams's having
the other pair on him at that time.

Watertown, Malden, and Lynn are in counties other than
Suffolk.

The defendant Williams testified, that he was eighteen years
old; that he got acquainted with Hayes in November, 1883, and
that he and Hayes subsequently stole clothing from Parlin's
store, in Watertown, on three different occasions; that the
clothing was of the description mentioned in the indictment and
testified to by Parlin; that he and Hayes stole all of the goods
mentioned in the several counts of the indictment, and also

other goods from the same store at other times; that, before the witness and Hayes began to steal together, Hayes introduced him to the defendants Goldstein and Levi, at Goldstein's store, at the corner of Salem Street and Cross Street, in Boston; that the witness asked Levi what price he would pay, and Levi said $1.50 per pair for pants of good average, $5 to $8 for overcoats, and $3.50 to $5 for coats and vests, for such goods as Hayes and the witness might bring them, Goldstein and Levi, from time to time; that an arrangement was made by the witness with Hayes, by which he went to board with Hayes; Hayes paying his board and two dollars per day, spending money, with a horse occasionally to drive around with; that he never received any money from Goldstein; that Goldstein always took the property, and Levi always paid for it; and that sometimes the money was paid to the witness, and sometimes to Hayes. ' It appeared in evidence that Levi was the father-in-law of Goldstein, and worked for him there in said store.

The witness then went on to give the particulars of each of the larcenies, — at Parlin's in Watertown, at Lock's in Malden, and at the shops in Lynn, — giving the details substantially as stated by the several witnesses, and describing the way and manner in which the goods were stolen. He further testified, that the goods stolen were of the description mentioned in the several counts of the indictment; that he and Hayes stole six pairs of trousers in Lynn ; that one of the pairs the witness had on, when arrested, January 22, 1884, in the store of Goldstein in Boston ; that subsequently, on the same day, he went with police officer Dugan to the shop of Goldstein, and there pointed out three pairs of trousers which had been stolen from Johnson's; that these articles were taken to the police station, and were the same as produced at the trial; that said six pairs were taken by Hayes to Goldstein's store, the witness remaining outside, and that the witness and Hayes also took the clothing stolen from Lock's to Goldstein's store; that the witness put the goods stolen from Wolf in a sleigh at Lynn, and drove alone to Boston, Hayes saying that he would go by the cars, and meet the witness in Boston at Connor's saloon; that the witness drove to Connor's saloon, in Boston, where he met Hayes; that Hayes carried the clothing to Goldstein ; that at the time of the arrest

of the witness he had the valise produced in court, with the suit of clothes stolen from Parlin, and sixteen pairs of trousers stolen from Parlin; that Goldstein was just counting them when officer Dugan came in; that the sixteen pairs of trousers were thrown among other goods, which the officer did not get. On cross-examination, the witness testified that Hayes did not go with him every time he carried the goods to Goldstein and Levi's , that he went fifteen times in all; that Hayes might have gone with him twice; that he did not know what goods they had when Hayes went with him, except once; and that then it was the clothing from Wolf's, and on the same night they stole it, when he met Hayes at Connor's.

Officer Dugan testified, that he saw Williams, with the valise above referred to, going into Goldstein's; that he went in and found Williams and Goldstein talking together, the valise open, and Goldstein pulling the clothes out; that the suit was afterwards shown to Parlin, and identified; and that he did not see Hayes and Williams together at any time.

The defendants Goldstein and Levi, and other witnesses, testified that Hayes and Williams had never been in Goldstein's store, and that they did not know them, and had never had any business with them, or either of them, before the day of the arrest of Williams. Hayes was not a witness at the trial.

The judge instructed the jury as follows, as to the evidence of the accomplice, Williams: " It is competent for the jury to convict upon the testimony of an accomplice alone; but the source of this evidence is so corrupt, that it is always looked upon with suspicion and jealousy, and is deemed unsafe to rely upon without corroboration; hence the court ever considers it its duty to advise the jury to acquit where there is no evidence other than the uncorroborated evidence of an accomplice. In this case, the court so advises you as to the testimony of Williams. The corroborative testimony must relate to some portion of the testimony which is material to the issue; that is, to some portion of the testimony involving the guilt of the defendant Hayes, who is on trial for larceny in the county of Suffolk, — such testimony as has necessary connection with the guilt of the defendant Hayes. Take the eleventh count of the indictment, which relates to the alleged larceny from Wolf, as you have

just been instructed, the government must, in the first place, satisfy you upon the evidence, beyond a reasonable doubt, that Hayes and Williams were jointly guilty of the larceny in the store of Wolf, in Lynn, in the county of Essex. The testimony as to the presence and acts of Hayes in that store would be such corroborative testimony of the accomplice Williams, for your consideration, — corroborative of the testimony of Williams, material to the issue, — to some portion of the testimony involving the guilt of the defendant Hayes, and necessarily connected with his guilt of larceny in the county of Suffolk; the jury must determine, however, whether Williams was corroborated, and the amount of credit they would give to his testimony, as well as to that of the witness."

Similar instruction as to the corroboration was given as to the other counts charging the larceny.

The jury found the defendant Hayes guilty upon certain of the counts; and the defendants Goldstein and Levi guilty upon certain other counts. Goldstein and Levi alleged exceptions to the instructions relating to the corroboration of the testimony of Williams.

*W. B. Gale,* for the defendants.

*E. J. Sherman,* Attorney General, *&* *H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

MORTON, C. J. The only exception taken by the defendants Goldstein and Levi was one to the instructions given as to the corroboration of the testimony of Williams concerning the larcenies in the county of Suffolk.

The subject of the admission and effect of corroborative testimony was fully considered in the case of *Commonwealth* v. *Holmes,* 127 Mass. 424, and it was there held that, although a jury may convict upon the uncorroborated testimony of an accomplice, yet that evidence, in order to be competent as corroborative of an accomplice, in the sense of rendering it safe and prudent to convict, must be evidence tending to connect the defendant on trial with the crime charged. In the case at bar, the instructions were in conformity with this decision.

The evidence shows that the defendants Hayes and Williams formed and carried out a scheme to steal goods in the neighboring cities and towns, and to bring them into Boston for the purpose

of disposing of them to the defendants Goldstein and Levi. Hayes and Williams might be convicted of larceny in the county in which the goods were stolen, and also, by reason of the new asportation in Boston, of larceny in the county of Suffolk. But the transaction of stealing the goods and disposing of them in Boston was a single, connected one; and the evidence showing that Hayes took part in the original larcenies tended to connect him with the crimes committed in Boston. It corroborated the testimony of Williams, because it showed the joint action of the two in the early stages of the criminal transaction, and thus tended directly and strongly to show that Hayes participated in the crimes charged in the indictment. *Commonwealth* v. *Larrabee*, 99 Mass. 413.

The evidence, therefore, was properly submitted to the jury for their consideration, as evidence corroborating the testimony of the accomplice Williams.                    *Exceptions overruled.*