## Charles Martin v. The Territory of Oklahoma.

1. INDICTMENT—*Charging Different Offenses By the Same Act; Permitted.* Our statute authorizes the charging of different offenses to have been committed by the same act, in different counts in the indictment, and it is not error to overrule a demurrer on the ground that more than one offense is charged in the different counts in the indictment, where the different counts refer to the same criminal transaction, but charge different crimes, to admit of the different characters of proof where the proof may be uncertain.

2. LARCENY—*Sufficiency of Indictment.* Under our statute which defines larceny to be the taking of personal property by fraud or stealth and with intent to deprive another thereof, a charge that the defendant did, at a time stated, in the county and territory of the indictment, unlawfully, wilfully and feloniously take the personal property of another, and describing it, and that the taking was accomplished by false statements as to the name of the party procuring the property, and as to his residence and as to property owned by him, by which false statements, relied upon by the person parting with the possession. the person is charged with the procuring the possession of the property under a contract of sale, whereby the title to the property was to remain in the person parting with it until the purchase money was paid. which purchase money was evidenced by two promissory notes made in the assumed name of the defendant, and attempted to be secured by a chattel mortgage in the same name, upon property not owned by him, and that the person so procuring the possession converted the property to his own use, with the intent to deprive the owner. the person from whom the property was procured, thereof, sufficiently charges the crime of larceny, and the value of the property in this case being charged to be more than twenty dollars the indictment charges grand larceny.

3. VARIANCE. Section 5073 of the Laws of Oklahoma of 1893 provides: "When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured, is not material." And under this statute it is not a fatal variance because the proof shows that the property was taken from J. S. Lyon as agent of the owner, while the indictment charges that J. S. Lyon was the owner of the property.

*Appeal from the District Court of Logan County.*

In March, 1895, the defendant was indicted by the grand jury of Logan county, the indictment being in

three counts, the first two charging grand larceny and the third charging an obtaining of the property under false pretenses. On the trial of the cause the jury, on March 15, 1895, returned a verdict of guilty of grand larceny against the defendant, and judgment was rendered upon the verdict sentencing the defendant to imprisonment in the penitentiary for four years. From this judgment the defendant appeals. Affirmed.

*H. R. Thurston*, for appellant.

*C. A. Galbraith, Attorney General*, and *Huston & Huston*, for appellees.

The opinion of the court was delivered by

BIERER, J.: The defendant relies upon two assignments of error for a reversal of the judgment of the district court.

1. That the court erred in overruling defendant's demurrer to the indictment.

2. That the court erred in instructing the jury that there was not a fatal variance between the indictment and the proof on the question of the ownership of the property stolen.

The demurrer interposed to the indictment was upon two grounds.

1. That the indictment charges . more than one offense.

2. That the indictment does not state facts sufficient to constitute a public offense.

The indictment charges the defendant with the wrongful appropriation of the property of another in three differnt forms. The different counts all show the wrongful acts to have been committed by the same party, on the

same day, and specify the same property of the same value, as being the subject of the crime, and the person injured being the same person. They all refer to the same criminal transaction committed by the defendant, but charge it in different forms.

The second count charges specifically, by a detail of the facts of the transaction, the crime of grand larceny.

The third count, by an equally specific detail, charges the commission of the crime of obtaining the same property described in the second count, by false pretenses.

The court committed no error in holding the demurrer bad on the ground that more than one offense is stated in the indictment.

Section 18, ch. 41, p. 195, of the Session Laws of Oklahoma of 1895, is an amendment of § 5071 of the Statutes of Oklahoma of 1893, and as amended provides:

"The indictment must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

The form of pleading adopted by the prosecutor in this case came squarely within this provision of our criminal procedure, and was fully authorized by it.

There was nothing in the second ground of the demurrer. The second count of the indictment specifically charged the fraudulent acts by virtue of which the de-

fendant procured the possession of the property stolen. It is alleged that by certain false pretenses, which were that the defendant's name was John Cogdell and that he resided upon a specific tract of land mentioned in the indictment, and that he had growing thereon twenty acres of cotton, the defendant procured possession of the wagon which is the subject of the larceny, and of the value of $65, under a contract of purchase by which the defendant, in the assumed name, gave his two promissory notes therefor, and to secure the same gave a chattel mortgage, also in the assumed name, and under which the wagon sold was to remain the property of J. S. Lyon until the notes were paid. And it is alleged that Lyon, believing and relying upon these various statements of the defendant, all of which were stated in detail and separately to have been false and untrue, and that believing and relying upon such statements, he parted with the possession of the wagon, which wagon the defendant appropriated to his own use with the felonious intent to deprive J. S. Lyon of the same. Under our statute, which makes the taking of personal property by fraud, with the intention of depriving the owner thereof, larceny, this count was amply sufficient to charge the crime.

This court has already passed upon this question in the case of *Devore v. Territory*, 2 Oklahoma, 562, 37 Pacific, 1092, and it needs no further discussion here.

It is shown in the record that the proof on the trial tended to show that the property was taken from the possession of J. S. Lyon, who was not the actual owner of the property, but was the agent of the owner, and the court instructed the jury on the question of variance between the indictment and the proof, as follows:

"4.    The indictment charges that the property ob-

tained by the defendant was the personal property of J. S. Lyon, while the proof shows that J. S. Lyon was the agent of the owner of the property alleged to have been stolen. You are instructed that the variance between the indictment and the proof is, under our statute, not material."

The appellant claims that this was error, and that the variance which is stated in the instruction to have been shown by the proof entitled the defendant to an acquittal, and to a new trial upon his motion based upon this ground of variance.

Ordinarily, and in the absence of a statute like ours, the appellant's contention would be good, for, as a general proposition, the allegations as to ownership, in an indictment, and in the proof, must correspond; and if the proof shows that the property was owned by another person than the person named in the indictment, and that the person named in the indictment had no special ownership therein, the variance is fatal. But our statute has changed this rule. Section 5073 provides:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

The evidence not being in the record we must presume that it was sufficient to support the verdict in all respects as to sufficient certainty to establish the identity of the acts charged in the indictment, and that there was a variance, not in the identity of the acts charged, but as to the allegation of the party injured.

The crime of larceny is one which involves the commission of, or an attempt to commit, a private injury. The taking and converting by one party of the property

of another is a private injury, and the offense of larceny comes within this provision of the statute. And the fact that J. S. Lyon, from whom the property was taken, was the agent of, instead of, the real owner, did not constitute a variance.

Finding no error in the judgment of the court, it is affirmed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.