## LEVI BEBERSTEIN v. THE TERRITORY OF OKLAHOMA.

(Filed Aug. 24, 1890.)

1. CRIMINAL LAW—*Evidence of Other Offenses.* As a general rule, on a prosecution for one crime it is not proper to admit testimony against the defendant showing that he had committed other disconnected offenses, for the purpose of establishing his guilt of the offense charged, or to impeach his credibility; but such evidence is competent where it tends to prove a motive and intent of the defendant in the commission of the act, or any other material fac: to be established.

2. LARCENY — *Evidence—Rule Applied.* In an indictment for larceny, where the evidence shows the defendant had formed a common design with one W. to commit a number of larcenies in the county, and that it was impossible to follow the course of the parties in the commission of the offense charged in the indictment, without also detailing the commission of other independent offenses of like character, *held,* that such testimony was material, and competent for the purpose of showing a motive and intent of the commission of the crime charged in the indictment.

3. ORAL INSTRUCTIONS—*Appeal—Review.* Where error is assigned that the trial court instructed the jury orally in a criminal case, and did not reduce its instructions to writing before giving them to the jury, it will not be reviewd on appeal by this court, unless presented to the trial court for review in the motion for a new trial.

4. EVIDENCE — *Criminal Cause — Variance.* The record in this case examined, and *held,* that the evidence is sufficient to establish the identity of the property alleged to have been stolen, and that there is no fatal variance betwen the allgations of ownership in the indictment and in the proof.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*L. W. De Geer,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* and *Jesse J. Dunn, County Attorney,* for defendant in error.

· Levi Beberstein was convicted of larceny, and brings error. Affirmed.

Opinion of the court by

HAINER, J.: The plaintiff in error, Levi Beberstein, was indicted, tried, and convicted in the district court of Woods county for the crime of larceny of one bay gelding the property of Lewis A. Parker, and sentenced to the territorial penitentiary at Lansing, Kan., for a term of two years.

It is contended by the plaintiff in error that the court erred in permitting the Territory, over the objections of the defendant, to introduce testimony of the commission of other separate and independent crimes. It is true, as a general rule, on a prosecution for one crime it is not proper to admit testimony against the defendant showing that he had committed other disconnected offenses, for the purpose of establishing his guilt of the offense charged, or to impeach his credibility; but such evidence is competent where it tends to prove a motive and intent of the defendant in the commission of the act, or any other material fact to be established.

In *State v. Reed*, 53 Kan. 767, 37 Pac. 174, the court says: "As a general rule, testimony tending to show the commission of another offense than the one charged is not admissible, but, where such other offense is intimately connected with the one charged, important proof, tending to establish the latter, cannot be excluded because it may tend to prove the defendant guilty of the other offense."

In *State v. Lowe*, (Kan. App.) 50 Pac. 912, the court held that: "Evidence tending to prove the accused guilty of an offense not charged in the indictment is not,

on that account, incompetent, if it tends to prove any fact constituting an element in the offense that is charged in the indictment. If intent is material, any fact is competent against the accused which tends to show the motive of the criminal act charged. In such case the evidence is not incompetent because it may tend to show the accused guilty of another offense than the one charged."

This principle of law is clearly stated in the case of *Commonwealth v. Hayes*, 140 Mass. 366, 5 N. E. 264, where the accomplice testified that he and the defendant formed a plan of stealing goods in places in one county and selling them at places in another, and that larcenies were committed in the said places and the goods disposed of as arranged. This testimony of the accomplice was corroborated by independent evidence of the commission of the larcenies. The indictment on trial was for larceny in the county where the goods were sold, said larceny being based on the asporation of the goods by the defendant in that county. It was held that this independent evidence tended to corroborate the evidence of the accomplice by showing the connection of the defendant with the larcenies which the accomplice had testified to as being the beginning of the continuous act which resulted in the crime for which the defendant was indicted.

In *Hope v. People*, 83 N. Y. 419, it was held that, upon the trial of an indictment, evidence of the commission of another crime by the prisoner is competent where it is relevant and material on the question of the guilt of the prisoner of the crime for which he is on trial.

In 12 Am. & Eng. Enc. Law, p. 855, the general principles governing this class of testimony are summarized

as follows: "Evidence which merely tends to connect the accused with other offenses distinct from that for which he is on trial is inadmissible. But where knowledge or guilty intent constitutes an essential ingredient in the guilt, or when such proof conduces to establish identity in developing the *res gestae*, or to establish guilt by circumstances connected with the theft, the rule is relaxed, and transactions of a like kind with those charged may be given. So evidence of the theft of other property, found with that described in the indictment, may be given in rebuttal, or for the purpose of connecting the defendant with the larceny charged."

In this case it appears from the record that the county attorney asked White, the accomplice, this question: "What plans had you and Beberstein formed with reference to this stealing?" To this question the witness answered: "We were to steal things—whatever we could—and take them off somewhere else, and sell them, and get the money for them and divide it." It clearly appears from the evidence in this case that White and Beberstein had entered into a common design to commit a number of larcenies in the county, and that it was impossible to follow the course of these parties in the commission of the offense charged in the indictment without also detailing the commission of other independent offenses of like character. These offenses were so intimately connected one with another that they all became material and competent for the purpose of showing a motive and intent of the commission of the crime charged in the indictment.

It is next contended that there is a variance between the allegations in the indictment and the proof in relation to the ownership of the property. We do not think

this contention is tenable. The court, in instruction No. 10, charged the jury that it was necessary for the prosecution to prove that the bay gelding described in the indictment was the property of Lewis A. Parker, and that the same was taken without the knowledge of Lewis A. Parker. The identity of the ownership of the property being a question of fact for the consideration of the jury, under the instructions of the court, and the jury having found for the prosecution upon this point, there being competent evidence tending to establish such fact, this court will not disturb such finding. We are clearly of the opinion that the evidence was sufficient to establish the identity of the property, and that there was no fatal variance between the allegations of ownership in the indictment and in the proof; and the ruling of the trial court is fully sustained by the following authorities: Statutes of 1893, sec. 5073; *Martin v. Territory*, 4 Okla. 105, 43 Pac. 1067; *State v. Gordon*, (Kan. Sup.) 42 Pac. 346; *People v. McGilver*, (Cal.) 7 Pac. 49; *People v. Armstrong*, (Cal.) 46 Pac. 611.

It is also contended by counsel for plaintiff in error that the court erred in instructing the jury orally. It appears from the record that this question was not presented to the trial court for review in a motion for a new trial, and hence, if error was committed, it is not available in this court.

In *Swaggart v. Territory*, 6 Okla. 344, 50 Pac. 96, this court held that the error of the trial court in instructing the jury orally in a criminal case, and not reducing its instructions to writing before giving them to the jury, will not be reviewed on appeal unless presented to the trial court for review in the motion for a new trial.

It is also contended by plaintiff in error that the court and county attorney made certain prejudicial statements in the presence of the jury. But the record fails to show that any such prejudicial statements were made, nor does it show that any objections or exceptions were saved in the record. They were, therefore, waived, and are not available as error here. (*Stutsman v. Territory,* 7, Okla. 490.)

We have examined each of the errors assigned and presented by the plaintiff in error, and, no prejudicial error appearing in the record, the judgment of the district court must therefore be affirmed. The clerk of the court will issue a mandate to the sheriff of Woods county commanding said sheriff to transport the said Levi Beberstein to the territorial prison at Lansing, Kan., in pursuance to the sentence and judgment of the district court of Woods county, and in conformity with this opinion.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.