Allen,
 
 J.
 

 Much of the brief of plaintiff in error is devoted to the claim that the defendant
 
 *445
 
 was convicted in the trial below upon the uncorroborated testimony of his accomplice, Seary. It is not, however, the law in this state that a jury cannot convict upon the uncorroborated testimony of an accomplice. This was the holding in the fifth paragraph of the syllabus in
 
 Allen
 
 v.
 
 State,
 
 10 Ohio St., 287, a decision by the unanimous court, which reads as follows:
 

 “While it is the duty of the court, in their discretion, to advise the jury not to convict of felony upon the testimony of an accomplice alone without corroboration, there is no rule of law preventing a jury from convicting upon the uncorroborated testimony of an accomplice.”
 

 This holding was cited with approval in
 
 State
 
 v.
 
 Lehr,
 
 97 Ohio St., 280, 119 N. E., 730.
 

 Moreover, considerable evidence was adduced to the effect that the drill and grease gun found in Beckman’s possession were the same which were taken from the garage upon the date charged in the indictment. This was evidence in corroboration upon the charge of grand larceny, upon which charge Beckman was convicted, and therefore we overrule the entire objection with reference to conviction on the testimony of an accomplice.
 

 It is also urged that Beckman was deprived of a fair trial, owing to the consolidation of the indictment for receiving stolen property, which was returned against Beckman alone, with the indictment for burglary and larceny, which was returned against Beckman and Seary jointly. The court permitted the consolidation under Section 13437-3, General Code (113 Ohio Laws, 163), which reads as follows:
 

 “An indictment or information may charge two or more different offenses connected together in
 
 *446
 
 their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated. * # * The court in the interest of justice and for good cause shown, may in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of said groups tried separately.”
 

 This section of the statute became effective July 21, 1929. Since the prosecution was not instituted until after this date, and since the statute relates to the remedy only, the statute governed the proceedings at the trial even though the act upon which the charge was grounded was committed prior to the effective date of the statute.
 
 Elder
 
 v.
 
 Shoff stall,
 
 90 Ohio St., 265. This point is discussed more fully below.
 

 Also, with reference to the objection as to consolidation, the jury found Beckman not guilty of receiving stolen property. The indictment charging the receiving of stolen property arose out of the same transaction and was supported by the same evidence from the same witnesses as the indictment charging the burglary and larceny. The trial court charged the jury that if they found Beckman guilty of receiving stolen property, they would be obliged to acquit him of the charge of burglary and larceny; and,
 
 vice versa,
 
 that if they found him guilty of either burglary or larceny they must acquit him of the charge of receiving stolen property. Hence no
 
 *447
 
 prejudice resulted from the consolidation, and this objection is overruled.
 

 It is next urged that reversible error was committed in the admission of testimony of subsequent offenses, five of which were offered in evidence. The indictment charged that the acts of burglary and larceny were committed on or about February 27, 1929. Upon the trial, testimony was given covering the burglarizing of the Condit garage in Alexandria in the month of August, 1929; the burglarizing of the Clark garage at Jacksontown on March 27,1929; the burglarizing of the Sheckard garage at Brownsville on March 9, 1929; the burglarizing of the Wright garage at Granville on June 25, 1929; and the burglarizing of the McClellan garage at Granville in the month of June, 1929. Seary testified, in substance, that Beckman entered into a conspiracy with Seary to commit burglaries of garages, and that Beckman instigated the various burglaries and received their major profits. Testimony was given by various witnesses showing that articles stolen in all of these different burglaries were found upon premises belonging to Beckman.
 

 It is well settled that evidence of subsequent crimes is not in general competent to prove the commission of crimes prior thereto; but in this record there was evidence tending to show that the subsequent crimes, all of which were of a similar nature, were carried out pursuant to a common agreement betwieen the parties to engage in such criminal transactions. The record showed a conspiracy between the joint defendants to commit both the crime charged and the subsequent crimes referred to in
 
 *448
 
 the evidence. Hence the general rule as to the admissibility of this testimony does not apply.
 

 This conclusion is supported by numerous decisions of authority.
 
 Hall
 
 v.
 
 State,
 
 161 Ark., 453, 257 S. W., 61,
 
 Milner
 
 v.
 
 United States
 
 (C. C. A.), 293 F., 590;
 
 Commonwealth
 
 v.
 
 Hayes,
 
 140 Mass., 366, 5 N. E., 264;
 
 Beberstein
 
 v.
 
 Territory of Oklahoma,
 
 8 Okl., 467, 58 P., 641;
 
 State
 
 v.
 
 Monroe,
 
 142 Minn., 394, 172 N. W., 313;
 
 McClelland
 
 v.
 
 State,
 
 138 Md., 533, 114 A., 584;
 
 People
 
 v.
 
 Di Pietro,
 
 214 Mich., 507, 183 N. W., 22;
 
 State
 
 v.
 
 Allen,
 
 34 Mont., 403, 87 P., 177;
 
 Lewis
 
 v.
 
 State,
 
 4 Kan., 296;
 
 Zimmerman
 
 v.
 
 State,
 
 190 Ind., 537, 130 N. E., 235;
 
 Hepworth
 
 v.
 
 State,
 
 113 Tex. Or. R, —, 21 S. W. (2d), 680;
 
 Williams
 
 v.
 
 State,
 
 118 Neb., 281, 224 N. W., 286;
 
 Clark
 
 v.
 
 State,
 
 102 Neb., 728, 169 N. W., 271;
 
 State
 
 v.
 
 Renslow,
 
 208 Iowa, —, 229 N. W., 225; 17 Ruling Case Law, p. 75, Section 80; 1 Wigmore on Evidence (2d Ed.), Section 346.
 

 It was held in
 
 Jackson
 
 v.
 
 State,
 
 38 Ohio St., 585, that acts committed shortly subsequent to the time of the offense charged are competent for the purpose of showing a conspiracy if they appear to be so connected as to authorize the inference that they were all part and parcel of a single conspiracy to commit several crimes.
 

 In
 
 Patterson
 
 v.
 
 State,
 
 96 Ohio St., 90, at pages 96 and 97, 117 N. E., 169, 171, L. R. A., 1918A, 583, it is said:
 

 “Where separate and distinct offenses are sought to be shown by the state as having some relation to the offense on trial, showing motive,
 
 scienter
 
 and the like, testimony tending to prove the offense charged is not rendered incompetent by reason of
 
 *449
 
 the fact that it also tends to prove such separate and distinct offenses.
 
 (Brown
 
 v.
 
 The State of Ohio,
 
 26 Ohio St., 176.) This rule of competency is also applicable when such other offenses are the result of a common scheme or plan embracing the commission of two or more crimes, including the crime charged, and, which are so related to each other that proof of one tends to establish the others.
 
 Tarbox
 
 v.
 
 The State,
 
 38 Ohio St., 581;
 
 Jackson
 
 v.
 
 State, Id.,
 
 585, and
 
 Reed
 
 v.
 
 The State of Ohio,
 
 15 Ohio, 217.”
 

 And in the syllabus it was held that where the state relied for conviction upon proof of a criminal plan to steal various automobiles belonging to various parties, and offered evidence of such criminal plan and the larcenies of cars other than charged in the indictment, such evidence was competent.
 

 The record contained substantial evidence, both from Seary and from different garage owners, tending to show that the crime charged in the indictment was merely a single transaction among other similar burglaries in which both of the joint defendants were engaged, carried out under a general conspiracy, and hence the evidence was admissible.
 

 Moreover, Section 13444-19 of the New Criminal Code (113 Ohio Laws, 190), makes specifically competent the admission of testimony as to these subsequent offenses. This section reads as follows:
 

 “In any criminal case where the defendant’s motive, intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan or system in doing the act in question, may be proved, whether
 
 *450
 
 they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or subsequent crime by the defendant.”
 

 The offense charged occurred on or about February 27, 1929. The new Criminal Code went into effect July 21, 1929, and plaintiff in error urges that' the statute, if interpreted so as to govern this particular trial, is retroactive and unconstitutional. It is the general rule that the constitutional provision which forbids the state to pass
 
 ex post facto
 
 laws was enacted to secure substantial personal rights against arbitrary or oppressive legislation, and not to limit the legislative control of remedies and modes of procedure, which do not affect matters of substance.
 
 Thompson
 
 v.
 
 Missouri,
 
 171 U. S., 380, 18 S. Ct., 922, 43 L. Ed., 204;
 
 Hopt
 
 v.
 
 People of the Territory of Utah,
 
 110 U. S., 574, 4 S. Ct., 202, 28 L. Ed., 262;
 
 Lafferty
 
 v.
 
 Shinn,
 
 38 Ohio St., 46, at page 49;
 
 Westerman
 
 v.
 
 Westerman,
 
 25 Ohio St., 500;
 
 John
 
 v.
 
 Bridgman,
 
 27 Ohio St., 22;
 
 Rairden
 
 v.
 
 Holden, Admr.,
 
 15 Ohio St., 207;
 
 Templeton
 
 v.
 
 Kraner,
 
 24 Ohio St., 554;
 
 Lawrence Railroad Co.
 
 v.
 
 Commissioners of Mahoning County,
 
 35 Ohio St., 1.
 

 "While
 
 Rairden
 
 v.
 
 Holden, Admr., supra,
 
 was adjudicated prior to the enactment of Section 26, General Code, it states the general holding with reference to remedial legislation.
 

 Section 26 provides that when the repeal or amendment of a statute relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, “unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of
 
 *451
 
 such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
 

 Is Section 13444-19 an amendment of the statute relating to the remedy? If so, it applies to all actions commenced after the effective date of the act, regardless of the time when the cause of action arose.
 
 Elder
 
 v.
 
 Shoff stall, supra.
 

 If this were a case of first impression, the last clause of Section 26, namely, that no repeal or amendment shall affect causes of such action, prosecution or proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act, might throw some doubt upon this holding, for Section 13444-19 does not expressly provide in the amending act that it shall affect causes of action or prosecutions existing at the time of such amendment. However, in the case of
 
 Elder
 
 v.
 
 Shoff stall, supra,
 
 the statute construed did not contain any express provision that the amendment should affect existing causes of action. As pointed out in the case of
 
 Smith
 
 v.
 
 New York Central Rd. Co.,
 
 122 Ohio St., 45, Section 26 is hopelessly obscure. In the
 
 Smith case
 
 also the statute construed did not contain any express provision that the amendment should affect existing causes of action. Since the
 
 Elder case
 
 has been so recently followed by this court in the
 
 Smith case,
 
 we follow the established rule, and proceed to consider whether the statute relates to the remedy.
 

 Section 13444-19 does not deprive the plaintiff in error of any defense previously available, nor affect the criminal quality of the act charged. It does not change the legal definition of the offense or the punishment to be meted out. It leaves unaltered both
 
 *452
 
 the quantum and kind of proof required to establish guilt.
 

 It is true that in certain decisions the statement is loosely made that any statute which places the defendant at a disadvantage in relation to “the offense or its consequences” constitutes an
 
 ex post facto
 
 law as to crimes committed before its passage.
 
 Kring
 
 v.
 
 Missouri,
 
 107 U. S., 221. However, in the case of
 
 Beazell
 
 v.
 
 State,
 
 269 U. S., 167, in which the Supreme Court of the United States affirmed the judgment of this court, the statute construed certainly placed the defendant at a disadvantage. The offense was committed February 13, 1923, and the code then provided that when two or more persons are jointly indicted for felony, on application to the court for that purpose, each shall be tried separately. On April 27, 1923, this section was amended to provide for joint trial of persons jointly indicted for a felony, unless the court, for good cause shown, should order separate trials. It must be conceded that the present form of the statute as to joint trials places the defendant under a greater disadvantage than the old form of the code. Yet this court and the United States Supreme Court both held that the statute related only to the manner in which the trial of those jointly accused should be conducted, and that hence the amended section applied even-'though it was not in force at the date of the commission of the offense.
 

 Hence we hold, having in view the long-established decisions of this court admitting even under the old criminal procedure the precise kind of testimony attacked here, that Section 13444-19 relates to the remedy only. Since the transaction covered by the record had not ripened into a pending proceeding
 
 *453
 
 at the time when the amendment went into effect, the trial court properly held that the trial should proceed under the provisions of the amendment. The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkadb, Robinson, Jones, Matthias and Day, JJ., concur.