trolling facts being undisputed, final judgment is rendered in favor of the association.

*Judgment reversed and final judgment for plaintiff in error.*

FUNK, J., concurs.
STEVENS, J., not participating.

FORTE *v.* THE STATE OF OHIO.

(Decided January 16, 1932.)

*Mr. Selmo Glenn* and *Mr. Lawrence Payne,* for plaintiff in error.
*Mr. Frank T. Cullitan* and *Mr. Norman S. Minor,* for defendant in error.

SHERICK, J. Ormond A. Forte, plaintiff in error, stands indicted and convicted, without the intervention of a jury, for the crime of soliciting and accepting a bribe, under Section 12823 of the General Code. It is charged in the indictment that he solicited and accepted from one David Thurman, who was then a truck driver and employee in the garbage collection department of the City of Cleveland, the sum of $25, with the purpose and intent then and there to influence his official act and duties, in that the said Thurman would not be dismissed from the service, which was then and there in the process of reorganization.

The plaintiff in error complains of the judgment entered against him and advances three reasons for its reversal. He claims that he was the principal clerk of this department, and that he had no power and authority or official duty which permitted him to hire or discharge a truck driver.

Our attention is directed to the rules of the civil service commission, particularly that portion thereof wherein his duty is prescribed, which reads as follows: "Under administration direction to have charge of the work of a small clerical nature involving a substantial degree of independent responsibility and a specialized knowledge of departmental procedure; and to perform related work as required."

The claim is made that the superintendent of this department was the sole person having the power and duty to hire and discharge employees in this department at the time of the alleged offense, and that the department had no such officer known as an assistant superintendent; and it is further claimed that the state has failed to prove an essential averment of the indictment wherein it charged the accused with soliciting a bribe as a "chief clerk and assistant superintendent."

We learn from the record in this case the fact that

Thurman was approached by plaintiff in error with the observation that he could save his job in the department for him, provided he would pay to plaintiff in error the sum of $50. Toward the consummation of this deal, $25 in marked money was paid to plaintiff in error, and thereafter found upon his person.

Further examining the record we find that as chief clerk inquiry was made of him on various occasions by the departmental head, with reference to the employees of the department. It is in evidence that certain employees, or rather a number thereof, were to be discharged, and that the plaintiff in error entertained the view that he would be called upon by the superintendent of the department for information respecting which employees should be retained and who should be discharged.

It therefore appears that the plaintiff in error knew, or entertained the idea, that it was within his ability by reason of the information expected to be furnished to influence the superintendent of the department along the line that by his suggestion certain employees would be retained and certain ones discharged.

Now, referring to the rule of the civil service commission, above quoted, and particularly to the last line thereof, "to perform related work as required," it is our conclusion from this phrase that the matter of advising his superior with reference to the departmental employees was work related to the duties imposed upon him, and the fact that he had not the final say as to who should be retained and who discharged is not to our notion conclusive of the charge against him, as he now claims.

It is said in *Barker* v. *State,* 69 Ohio St., 68, 68 N. E., 575, that: "We are quite aware that the rule of law and of this court is that a statute defining an offense is not to be extended by construction to persons not within its descriptive terms, yet it is just as well

settled that penal provisions are to be fairly construed according to the expressed legislative intent, and mere verbal nicety, or forced construction, is not to be resorted to in order to exonerate persons plainly within the terms of the statute.''

Now, the plaintiff in error knew, or believed, that his departmental superior was relying on him in his official capacity as principal clerk to inform him with reference to the employees of the department, and we see no reasonable ground for the assumption that his is such an office as was not contemplated by the statute. He had a criminal intent in receiving this money, and a belief that he was able to do what was purported to be done by him. The fact that he might not have been able to carry out his part of the contract, or have no opportunity to so do, cannot relieve him of his wrongful act, which was consummated upon the receipt of the money with the object in view of influencing his official conduct. Such is the holding of the court in *Curtis* v. *State,* 113 Ohio St., 187, 148 N. E., 834.

It is therefore our conclusion that his office comes within the provisions of the statute in question, and that he had a duty to perform relating to his office; that is, to advise the appointing power on request of his superior concerning the departmental employees. It was in this connection that the bribe was solicited and accepted to influence his official acts in the course of his duties.

It is advanced as a second ground of error that the court erred in the admission of testimony of acts of a like or similar kind. We find no error in this respect. It is settled in this state by Section 13444-19, General Code, that evidence of this character is admissible for the purpose of showing intent. This was fully recognized as the law of this state previous to the statute's enactment in the case of *Beckman* v. *State,* 122 Ohio

St., 443, 172 N. E., 145, and is the law of this state as it now stands.

As a third ground of error, it is claimed that the trial court erred in its failure to sustain the motion for a new trial, upon the theory that newly discovered evidence would have produced a different result at the trial.

Examination of this claim discloses that this evidence was of a nature showing the hiring and discharging of employees in the department to be the act of the superior in the department. We are unable to see how this testimony could, in any manner, bring about a different result.

For the reasons hereinbefore indicated, the judgment is affirmed.

*Judgment affirmed.*

Garver, P. J., and Lemert, J., concur.

Garver, P. J., Lemert and Sherick, JJ., of the Fifth Appellate District, sitting by designation in the Eighth Appellate District.