## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 29 2019, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Savon Darnell Peak,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 29, 2019

Court of Appeals Case No.
18A-CR-3029

Appeal from the Lake Superior
Court

The Honorable Diane Ross
Boswell, Judge

Trial Court Cause No.
45G03-1803-F5-20

**May, Judge.**

[1] Savon Darnell Peak appeals his three-and-a-half-year sentence for four counts of Level 5 felony intimidation.[1] Peak argues his sentence is inappropriate based on his character and the nature of his offense. We affirm.

## Facts and Procedural History

[2] In the late afternoon on March 8, 2018, Peak was released from Lake County Jail on his own recognizance, where he had been held on felony fraud and forgery charges under cause number, 45G03-1802-F5-00013 (hereinafter "Cause F5-13"). Peak went home to change his clothes. Peak then left his house and approached four juveniles on a heavily populated public street. Peak told the juveniles that he had just gotten out of jail, and he pulled out a revolver that he pointed into the air. Peak told the juveniles that, when he saw the cops, he was going to shoot the police and he would not go back to jail. Peak fired the revolver into the air and told the juveniles that "if any of them snitched on him, he would kill them." (Tr. Vol. II at 22.) The juveniles contacted the police, who arrived to investigate and later arrested Peak.

[3] On October 11, 2018, the State charged Peak with four counts of Level 5 felony intimidation and four counts of Level 6 felony intimidation.[2] Peak entered into an agreement with the State whereby he would plead guilty to the four counts

---

[1] Ind. Code § 35-45-2-2 (2017).

[2] Ind. Code § 35-45-2-1 (2017).

of Level 5 felony intimidation and the State would dismiss the Level 6 felonies in this cause and the fraud and forgery charges from Cause F5-13. The agreement placed a cap of four years on the sentence for each count and required the court to impose the sentences concurrently. The trial court sentenced Peak to three-and-a-half years on each count, to be served concurrently.

# Discussion and Decision

[4] Peak asserts his sentence is inappropriate. Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Adams v. State*, 120 N.E.3d 1058, 1064 (Ind. Ct. App. 2019) (quoting *Eckelbarger v. State*, 51 N.E.3d 169, 170 (Ind. 2016)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). Our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. The appellant, Peak, bears the burden of demonstrating his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006) (placing burden on appellant).

[5] When considering the nature of the offense, we start by looking at the advisory sentence to determine the appropriateness of a sentence. *Anglemyer v. State*, 868

N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). The sentencing range for a Level 5 felony is "a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6 (2014). The plea agreement capped Peak's sentence at four years for each count and required the sentences be served concurrently. The trial court sentenced Peak to three three-and-a-half-year sentences to be served concurrently. Peak requests we reduce the length of his sentence and order "a portion of his sentence be served on probation." (Appellant's Br. at 9.)

[6] Peak notes no one was injured in this incident. However, to "celebrat[e] being out of jail," (App. Vol. II at 49), Peak fired his gun into the air on a heavily populated public street, which demonstrates his clear disregard for the safety of others. Peak also threatened the lives of police and the juveniles. Like the appellant in *Adams*, who knowingly drove a van—containing a firearm—with an invalid driver's license and a felony conviction, Peak's behavior is "demonstrative of an indifference to the potential consequences of his actions." *Adams*, 120 N.E.3d at 1065. Like appellant in *Adams*, Peak chose to follow through with his actions even if it meant breaking the law in the process. Consequently, Peak's sentence is not inappropriate in light of the nature of his offense.

[7] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Excluding this offense, Peak's

criminal history consists of conversion, disorderly conduct, residential entry, fraud, and forgery. (App. Vol. II at 36-37.) Peak's criminal history dates to February 2014.

[8] Although Peak apologized to the juveniles and their families, his character does not demand a revised sentence. A few short hours before this incident occurred, Peak was released on his own recognizance with pending felony fraud and forgery charges. Much like the appellant in *Childress*, who was on bond for resisting law enforcement at the time he committed additional offenses, Peak could not stay out of trouble after being released from jail. *See Childress*, 848 N.E.2d at 1081. The short time frame between Peak's release and this incident demonstrates that a three-and-a-half-year sentence is not inappropriate for his character.

# Conclusion

[9] Peak has not demonstrated his sentence is inappropriate in light of the nature of his offense and his character. Accordingly, we affirm.

[10] Affirmed.

Mathias, J., and Brown, J., concur.