## S. D. HOFFMAN v. STATE.

No. A-2453. Opinion Filed April 29, 1916.

(156 Pac. 1151.)

1. INDICTMENT AND INFORMATION—Objections—Waiver. An objection to an information on the ground that more than one offense is charged therein, cannot be raised for the first time by motion in arrest of judgment. Such an objection when not raised by demurrer is in effect waived.

2. INTOXICATING LIQUORS—Criminal Prosecution—Evidence. In a prosecution for unlawful possession of intoxicating liquors, the evidence considered and held sufficient to sustain the conviction.

*Appeal from County Court, Okmulgee County;*
*Mark L. Bozarth, Judge.*

S. D. Hoffman, convicted of a violation of the prohibitory law, appeals. Affirmed.

*E. M. Carter,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. S. D. Hoffman, plaintiff in error, and Martha Henderson were jointly charged and tried on an information which after alleging time and venue charged that they, "did have the possession of certain intoxicating liquors, to-wit, about five gallons of Choctaw beer, the same being an imitation of, and substitute for beer, containing more than one-half of one per centum of alcohol, measured by volume, and capable of being used as a beverage, with the unlawful and wilful intent of bartering, selling, giving away and otherwise furnishing the same." The jury found Hoffman guilty on the 11th day of January, 1915, the court rendered judgment and sentenced him to be confined in the county jail for a period of thirty days and to pay a fine of one hundred dollars. From the judgment he appealed.

The testimony taken upon the trial was substantially as follows:

Bill Green, Jim Anderson and Bill Brush each testified that they were in the city of Okmulgee on the day alleged in the information and together that night went to a house near the depot where some negroes lived; that they "chipped" in and gave a negro fifty cents for a half gallon of "Choc" beer and while they were drinking it on the porch of the house the sheriff came up and spoke to the negro that sold them the beer. That there was no other negro man at the house that night.

Orvel Thompson testified that he was sheriff of Okmulgee county and knows the witnesses Bill Green, Jim Anderson and Bill Brush, and saw them at Martha Henderson's house in Okmulgee drinking Choctaw beer, that they told him that they had just bought the beer from Hoffman and S. D. Hoffman was standing there at the time with these white boys, that he did not

remember whether Hoffman denied selling the beer at the time or not, that he examined the premises and found two cans with "Choc" in them, one under the house and one under the porch; that the cans together contained five or six gallons; that he took the beer that the boys had bought and had it analyzed by Dr. Little.

Dr. W. G. Little testified that he was a graduate of Rush Medical college and had been practicing medicine in Okmulgee for twelve years, that he had experience in analyzing liquids and knew how to analyze "Choc" beer, that he analyzed the contents of the bottle that the sheriff brought to him and his analysis showed that it contained about nine per cent of alcohol. The analysis was made a day or two after the sheriff gave him the bottle.

On the part of the defense Martha Henderson testified that the three white boys who testified as witnesses came to her house and asked her if she had any "Choc" beer and she told them "that she did not make it any more now, that maybe her brother-in-law, Henry Shaw could tell them where to get it;" that nobody was there at that time but she and Henry Shaw; that she was sick in bed but heard Shaw tell the boys "I can go and get you some," that she did not know where Henry Shaw is now. That S. D. Hoffman was not there at the time; that Sheriff Thompson was not there at that time but came shortly after.

As a witness in his own behalf the defendant S. D. Hoffman testified that Sheriff Thompson arrested him that evening in Martha Henderson's yard; that some white boys were there drinking Choctaw beer at the time; that Martha Henderson's brother-in-law, Henry Shaw and her brother Joe Doane were there that night before the sheriff came; that he did not sell or furnish the boys who testified as witnesses any Choctaw beer.

It is contended that the court erred in overruling the motion in arrest of judgment, "Because said information charges or attempts to charge two separate and distinct offenses," in that it charges, "The possession of certain intoxicating liquors, to-wit,

about five gallons of Choctaw beer, the same being an imitation of and substitute for beer."

It appears from the record that no demurrer was interposed to the information and the record shows that the first objection to the information was made in the motion in arrest of judgment. An accused person may take advantage of a defective information by demurring thereto before the trial and the function of the demurrer which was not resorted to by the defendant, is to defeat the information without a trial, whenever it appears upon the face thereof that it is subject to one or more of the five objections named in the statute. Proc. Crim. section 5791 Rev. Laws. These objections can be taken only by demurrer "except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under a plea of not guilty, and in arrest of judgment." Section 5799 Rev. Laws.

*Stone* v. *State,* 12th Okla. Cr. —, 155 Pac. 701.

Upon the record before us we cannot consider the question relating to the information because it was not properly raised as authorized by statute in the court below, and hence was in effect waived.

A further contention is that the evidence was insufficient to sustain the verdict. In our opinion the testimony was amply sufficient to support the verdict of the jury and the defendant has been afforded a fair and impartial trial. The judgment of the trial court is therefore affirmed.

ARMSTRONG, J., Concurs.