## TOM COTTON v. STATE.

No. A-3754.   Opinion Filed July 15, 1922.
Rehearing Denied Dec. 12, 1922.
(210 Pac. 739.)

(Syllabus.)

1. **Indictment and Information—Duplicity—Waiver—Assault with Dangerous Weapon.** An information charging an assault with a dangerous weapon, under the provisions of section 2344, R. L. 1910, may not be duplicitous merely because as an incident to the offense stated it contains averments showing also an assault and battery.

   a. If the accused was in doubt as to the character of the assault charged, his failure to challenge the sufficiency of the information before trial constitutes a waiver of such defect, if any there was.

2. **Same—Waiver of Defects by Failure to Demur.** Defects appearing upon the face of an information, excepting that the information does not state facts sufficient to constitute a public offense, or excepting an objection to the jurisdiction of the court, should be raised only by a demurrer before announcing ready for trial; otherwise such objections will be deemed to have been waived.

3. **Assault and Battery—Proof of Another Offense not Necessarily a Variance.** Where the proof supports the allegations of an information, proof that another offense may have been committed by the accused at the same time will not necessarily constitute a variance.

On Rehearing.

4. **Appeal and Error—Harmless Error—Duplicity.** Where the record shows that accused could not have been misled, and that another prosecution growing out of the same transaction is barred, a conviction will not be disturbed on the ground of duplicity.

Appeal from District Court, Bryan County; George S. Marsh, Judge.

Tom Cotton was convicted of assault with a dangerous weapon and he appeals. Modified and affirmed.

Robert Crockett, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J.  On the 15th day of October, 1919, Tom Cotton was convicted of assault committed upon the person of Dan Lee with a sharp and dangerous weapon, with the intent to do bodily harm, and without justifiable or excusable cause. His punishment was fixed at imprisonment in the state penitentiary for a term of four years.

The charge, as set out in the information, in part states:

"That Tom Cotton * * * did commit the crime of assault with a dangerous weapon in the manner and form as follows: That is to say, the defendant did, in said county and state, at the date above named, unlawfully, willfully, and feloniously, and without justifiable or excusable cause, commit an assault in and upon the person of one Dan Lee with a certain sharp and dangerous weapon, to wit, a certain knife which he, the said Tom Cotton, then and there had and held in his hand, and he, the said Tom Cotton, did then and there assault, strike, beat, bruise, wound, cut, and otherwise illtreat him, the said Dan Lee, with said knife, with the unlawful, willful and felonious intent on the part of said defendant then and there to injure and do great bodily harm to the said Dan Lee, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

The information was filed September 5, 1919, and on the same day the defendant was arraigned and entered his plea of not guilty.  On the 14th day of October, 1919, the cause came on for trial upon its merits, both sides announced ready for trial, and a jury was impaneled and sworn.  Witnesses for both the state and the defendant were sworn and placed under the rule.

The first witness on behalf of the state was Dan Lee, the person alleged to have been assaulted.  At the beginning of the examination of this witness the record is as follows:

"Q. State your name to the court. A. Dan Lee.

"Mr. Crockett: Wait a moment; the defendant at this time wants to object to the introduction of any evidence on the part of the state for the following reasons:

"First. Because the information does not conform substantially to the requirements of the statute relating to the charge of the offense in this state.

"Second. Because the information is duplicitous.

"Third. Because more than one offense is charged in said information.

"Fourth. Because it does not state facts sufficient to charge the defendant with the commission of a public offense.

"Fifth. Because this court is without jurisdiction to try this cause.

"The Court: The objections will be overruled.

"Mr. Crockett: We except."

This witness and a number of other witnesses testified to facts amply sustaining the allegations in the information, to the effect that this assault grew out of ill feeling between the parties due to trespassing cattle; that the defendant and Dan Lee were neighbors, and that Lee received word from the defendant that the cows belonging to Lee were feeding on the wheat and oats belonging to the defendant, and requesting him to fix the fence and keep the cattle out; that while Lee was there fixing the fence the defendant advanced upon him with a knife, and threatened to cut him; that he pursued Lee some distance from the place where they met, and inflicted knife wounds upon his person; that the defendant's father and brother came and separated them, and assisted Lee to get up, and assisted him towards his home; that the defendant asked Lee if he wanted a doctor, and upon his stating that he did, the defendant procured a doctor for him.

From all the testimony in the case it appears that the assault was made, with the intent to do bodily harm, but probably with no intent to kill or to commit any other felony.

At the close of the state's testimony defendant's counsel made a motion requesting the court to instruct the jury to return a verdict of not guilty, on the following grounds:

First. That the evidence does not warrant the court in submitting the case to the jury for the offense charged in the information.

Second. For the reason that there is a fatal variance between the information and proof on the part of the state.

Third. For the reason that the evidence is not sufficient to sustain the allegations contained in the information.

This motion was by the court overruled, and an exception allowed. The defendant then introduced his testimony. That the defendant was not tried for assault and battery appears throughout the record.

At the close of the testimony the defendant requested four separate instructions relating to the right of self-defense only, which instructions were refused by the court, but the substance whereof was incorporated in instructions given by the court on his own motion. The defendant excepted to but two instructions, Nos. 2 and 10, which were as follows:

"(2) Now in this case, if you find from the evidence beyond a reasonable doubt that the defendant, Tom Cotton, in Bryan county, and state of Oklahoma, did, on or about the 18th day of May, 1919, unlawfully, willfully, feloniously, and without justifiable or excusable cause, and not in his necessary self-defense as hereinafter set forth in these instructions, make an assault in and upon the person of one Dan Lee with a certain knife, and that said knife in the manner in which it was used was a sharp or dangerous weapon, and did then and

there with said knife assault, strike, wound, and cut the said Dan Lee with said knife, with the unlawful and felonious intent on the part of said defendant then and there to injure the said Dan Lee or to do him great bodily harm, then and in that event you should find the defendant guilty of an assault with a sharp or dangerous weapon and assess his punishment at imprisonment in the penitentiary for any term not exceeding five years, or by imprisonment in the county jail not exceeding one year. If you do not so find, you should acquit the defendant.

"(10) The court further instructs the jury that, if you believe from the evidence that the defendant sought, brought on, or voluntarily entered into a difficulty with the said Dan Lee for the purpose of wreaking vengeance upon him, or if you find from the evidence that he cut and stabbed him because of the acts of the said Lee, but had no reasonable apprehension of immediate and impending injury to himself, and did so from a spirit of retaliation and revenge for the purpose of punishing the said Dan Lee for past injuries, either real or supposed, done him, then the defendant cannot avail himself of the law of self-defense, and you should not acquit him on that ground, no matter how great the danger or imminent peril to which the defendant may have believed himself to have been exposed during the difficulty."

In the motion for a new trial, which was heard and overruled, the defendant, among other things, urged that the verdict should be set aside because there was a fatal variance between the charge and the proof. Later a motion in arrest of judgment was filed, for the following reasons:

First. Because the information does not substantially conform to the requirements of the statute relating to charging offenses and crimes in the state of Oklahoma.

Second. Because the information is duplicitous.

Third. Because more than one offense is charged therein.

Fourth. Because the facts as therein stated are not sufficient to constitute a public offense.

Fifth. Because this court is without jurisdiction to try the offense charged.

This motion in arrest of judgment was likewise overruled.

The facts as above stated constitute a brief synopsis of the history of this case so far as is necessary to a determination of the issues here involved.

This prosecution was predicated upon section 2344, R. L. 1910, which is identical with section 6510 of the Dakota Penal Code. Excluding the words in parenthesis, these statutes are as follows:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault (or assault and battery) upon the person of another, with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

The words in parenthesis, "or assault and battery," have since been incorporated in this statute in both North and South Dakota, section 9549, Compiled Laws of North Dakota 1913, and section 4081, South Dakota Revised Code of 1919. In the Dakotas, as their statutes now read, the offense may be charged as an aggravated assault or as an aggravated battery, in the disjunctive, while in this state the offense, under our statute, must be charged as an aggravated assault only. Under circumstances such as we have here, the pleader is apt to state an assault resulting in a battery where the two,

as in this case, are so closely connected as to be practically inseparable.

The defendant urges that this information is duplicitous, in that it charges an assault with a dangerous weapon, and also an assault and battery with the felonious intent to do Dan Lee great bodily harm, and that there is a fatal variance between the allegations in the information and the proof adduced by the state.

From the whole record we are convinced that it was the intention of the pleader to charge but one offense, that of an assault with a dangerous weapon, without any intent to kill or to commit any other felony. The offense so committed is by statute made a felony, and there was no reason to charge a mere assault and battery, which is only a misdemeanor. We think it is clear that the defendant knew that the state was relying upon the graver offense charged, if indeed two were charged, and if there was an inadvertent duplicity in the facts stated no one was misled.

If the defendant had any doubt as to whether he was about to be tried for an assault with a dangerous weapon or for a mere assault and battery he should have raised the objection by demurrer to the information before announcing ready for trial; otherwise the objection was waived. Our Penal Code (section 5791, R. L. 1910) states as one of the grounds for a demurrer that more than one offense is charged in the information. In that connection section 5799, R. L. 1910, provides as follows:

"When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

A defendant cannot by announcing ready for trial have the advantage of a possible acquittal on the facts, or failing in that, have the verdict set aside because two offenses were stated, and by such procedure gain immunity from both. By a long line of decisions this court has held that objections to the sufficiency of the allegations in the information should be taken by demurrer, as provided by the Code of Criminal Procedure, § 5791, supra, in all cases, excepting where the objection is leveled at the jurisdiction of the court, or that the facts stated do not constitute a public offense. Stone v. State, 12 Okla. Cr. 313, 155 Pac. 701; Harrison v. State, 12 Okla. Cr. 399, 157 Pac. 707; Roebuck v. State, 14 Okla. Cr. 241, 170 Pac. 277; Simpson v. State, 16 Okla. Cr. 533, 158 Pac. 116; Ralston v. State, 16 Okla. Cr. 634, 185 Pac. 831.

In Hoffman v. State, 12 Okla. Cr. 345, 156 Pac. 1151, it was held:

"An objection to an information on the ground that more than one offense is charged therein, cannot be raised for the first time by a motion in arrest of judgment. Such an objection when not raised by demurrer is in effect waived."

The statute upon which the information was based, the proof, the instructions of the court, the verdict and judgment, all deal with an assault with a dangerous weapon; true, the information and proof also show an assault and battery, but the defendant was not tried for battery separately or in conjunction with the other charge. There was but one issue submitted to the jury; no instructions were asked or given relating to assault and battery. Whether, when in stating facts showing an aggravated assault with a dangerous weapon a battery is also stated, this constitutes duplicity might, in cases of this character, be an open question, but one which need not here be decided. Suppose the pleader had also used the superfluous statement that the parties used profane language,

and disturbed the peace of others, such allegations being used merely to show the gravity of the offense charged; would that necessarily make the information duplicitous?

Every battery includes an assault. The proof shows that an assault of the kind defined by the statute was committed; the proof that a battery was also committed does not necessarily constitute a variance. It is not a variance to prove unnecessary allegations in an information, amounting to surplusage, or to prove facts beyond those constituting the offense as it is defined by statute. A variance is a disagreement between the allegations in the information and the proof as to some matter which is legally essential to the charge, and which might subject the accused to another trial for the same offense. State v. Crean, 43 Mont. 47, 114 Pac. 603, Ann. Cas. 1912C, 424; Oats v. State, 153 Ind. 436, 55 N. E. 226; 8 Words and Phrases, 7283.

Our statute (section 4784, R. L. 1910), being part of the Code of Civil Procedure, is in part as follows:

"No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."

This is declaratory of the common law in both civil and criminal cases, and has been followed in criminal cases, as well as in civil cases. Beberstein v. Territory, 8 Okla. 467, 58 Pac. 641.

The testimony here amply supports the theory of the state that this was an assault with a sharp and dangerous weapon, without justifiable or excusable cause, of an aggravated character, with no intent to kill. The defendant having waived his right to an election, if any he had, between such an assault with a dangerous weapon as charged, and

that of assault and battery, and there appearing no other irregularities in the record, it follows that the defendant's rights were in no way prejudiced by the rulings of the trial court.

The defendant was a small, one-armed man, unable to cope in physical combat with the person assaulted, who was a large, able-bodied man. We cannot say, from this record, that the assault was without some provocation, and for these reasons, the judgment below is ordered modified to make the term of imprisonment two years, instead of four.

The judgment, as so modified, is affirmed.

DOYLE, P. J., and MATSON, J., concur.

On Rehearing.

BESSEY, J. In this case an assault, without intent to kill, was charged. The case was tried on that theory. In pleading the details of the assault, a battery was also stated; but, in the absence of any objections to these unnecessary details, the assault charge stood unimpaired, and the case was tried on that theory. Not so in the cases of Parks v. State, 14 Okla. Cr. 413, 171 Pac. 1129, and Harris v. State, 15 Okla. Cr. 369, 177 Pac. 122, where an assault with firearms was stated, but no battery charged, though the facts showed the shooting of defendant's adversary, indicating there might have been an intent to kill. Those cases under those facts might come within the purview of section 2336, R. L. 1910, an impossibility under this prosecution.

The statutory provisions of this state relating to the various kinds of felonious assaults are complex and somewhat conflicting. We are sometimes compelled to treat these questions as they arise, without making a clear-cut classification, except that where the record shows that the accused could

not have been misled, and that another prosecution growing out of the same transaction is barred, a conviction will not be disturbed on the ground of duplicity. The reasons for invoking the rule are two: First, to enable the accused to make a definite defense; second, to protect him against another prosecution for the same offense. Where neither of these reasons applies, the rule should not be invoked.

In this case we firmly believe the information was sufficient to sustain the conviction of felonious assault, and under the circumstances there was no fatal variance between the allegations and the proof, and that the incidental recital of a battery was mere surplusage. An assault is always included in a battery. The rights of the defendant were sufficiently safeguarded, so that he is now immune from prosecution for any other felonious assault and battery growing out of the same transaction.

We therefore see no reason for reversing our former decision in this case. Mandate forthwith.

DOYLE, P. J., and MATSON, J., concur.