## PERCY DOUGHTY v. STATE.

No. A-5327. Opinion Filed Feb. 6, 1926.
(242 Pac. 1059.)

Hoyt & Stephens and Tom L. Ruble, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, here designated the defendant, was by verdict of a jury found guilty of seduction under a promise of marriage; the jury failing to assess the punishment. The judgment on the verdict fixed the penalty at confinement in the penitentiary for a term of 2 years.

To sustain a conviction for statutory seduction, every constituent element of the offense must be supported by proof. There must be substantial proof tending to establish a promise of marriage to an unmarried female of previous chaste character; there must be proof of illicit relations; there must be proof tending to show that the illicit relations on the part of the woman were induced by the promise of marriage. Harvey v. Territory, 11 Okla. 156, 65 P. 837; Butts v. State, 12 Okla. Cr. 391, 157 P. 704; Harris v. State, 18 Okla. Cr. 470, 196 P. 354.

The prosecutrix in this case says she submitted to three separate acts of intercourse with the defendant. The first was in January, 1923, being the first time

she was in company with the defendant alone. One of her reasons for yielding on this first occasion was expressed thus: "Well, he kept begging, for one thing." She also stated that the defendant promised to marry her "if anything happened." "He said if any trouble in any way came up." Her own testimony indicates there was no absolute or unconditional promise of marriage; that the promise of marriage, if any such there was, was inferred from an agreement to go to Wichita, where they would live together while the defendant attended a commercial college there. A conditional promise is not sufficient. Harris v. State, supra; People v. Jensen, 15 Cal. App. 220, 114 P. 586; State v. Meister, 60 Or. 469, 120 P. 407; Simmons v. State, 54 Tex. Cr. R. 619, 114 S. W. 841.

The record shows that, after the incident referred to in January, 1923, the defendant went to Wichita, and that he and the prosecutrix exchanged letters between that time and the time of his return to Dewey county in May, following. These letters contained no declarations of affection or terms of endearment, although the defendant renewed his invitation to the girl to come to Wichita and live with him.

The girl's testimony covering this period shows that she kept company with many other young men, with whom she took automobile rides in the daytime and nighttime, to various places in and about Dewey county. She said nothing to any of her companions or to any member of her family about her engagement to marry.

It is conceded that, in a prosecution for seduction under a promise of marriage, it is not necessary that the promise should be expressed in any set form, or in any particular language. It is sufficient if the language used implies such a promise, was intended to convey

that meaning, and is so understood by the prosecutrix. Butts v. State, 12 Okla. Cr. 391, 157 P. 704. But where the prosecutrix yielded on the occasion of her first meeting with the accused alone; where no express promise of marriage was made as an inducement or otherwise; where the only declaration made by the defendant was an invitation to the prosecutrix to go to Wichita and live with him while he was there in school—this, considered with all the other portions of her testimony, is not sufficient. And, even if this invitation to go to Wichita could be construed as an implied promise of marriage, the prosecutrix's own testimony, as a whole, indicates that she probably yielded to indulge her own sexual desires, and that the invitation to go to Wichita was not the paramount inducement causing her to yield.

It would serve no good purpose to analyze in detail all the sordid incidents in the record, including evidence produced by the defendant tending to show that the prosecutrix was not a woman of previous chaste character. It is sufficient to say that the record does not sufficiently show a promise of marriage, or that the promises or inducements, made by the defendant, whatever they were, or if any there were, were the paramount or chief moving influence causing her to yield. Harris v. State, supra.

The judgment of the trial court is reversed.

DOYLE and EDWARDS, JJ., concur.