## W. M. ELMORE v. STATE.

No. A-6362. Opinion Filed July 14, 1928.
(268 Pac. 1115.)

D. E. Ashmore and A. W. Anderson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Okmulgee county on a charge of having the possession of mash, and his punishment fixed at a fine of $50 and confinement in the county jail for a term of 30 days.

The information charges:

"* * * W. M. Elmore * * * did unlawfully and willfully have the possession of two barrels of mash with the intention of manufacturing corn whisky therefrom, in violation of the provisions of section 3605, Rev. Laws 1910."

The state proved that at the time charged there was found concealed on the farm of defendant two barrels of corn mash suitable for distillation. At the conclusion of the state's testimony defendant demurred to the evidence, and also to the information, and moved the court to discharge defendant, which was overruled, and defendant then testified, denying possession of the mash. Defendant here stands upon his motion and demurrer. Where an information is not challenged before entering upon a trial, every intendment and inference to sustain the information will be indulged. This is settled by many decisions of this court. If it were possible for this court to sustain this information without doing violence to all rules of construction and settled law, we should do so and affirm the judgment. The information refers to section 3605, Rev. Laws 1910, which is section 7002, Comp. Stat. 1921. A prosecution for the possession of mash cannot be sustained under that section, unless it is alleged that the mash is an intoxicating liquor or substitute therefor containing as much as one-half of 1 per cent. of alcohol, measured by volume. This the information does not do. A prosecution might have

been had under section 1, c. 42, Session Laws 1923-24, which is:

"It shall be unlawful for any person, or persons, within this state, to manufacture, ferment or possess, any compound, mixture, mash, wort or wash fit for distillation, or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors, the sale, barter, giving away or otherwise disposing of which is prohibited by the laws of the state of Oklahoma."

If the information were sufficient under this section, defendant not having challenged it before entering upon the trial, we should hold that the reference to section 3605 in the information would not be fatal, but, indulging all intendments and inferences, the information would be upheld. But the information is also fatally defective under section 1, c. 42, as it wholly fails to allege that the mash was "fit for distillation." This is a necessary allegation and no intendment nor inference we can indulge in will supply it. By omitting this essential allegation without which the possession of mash is not an offense, the information does not state facts sufficient to constitute a public offense. This is not waived by failure to demur. Clark v. State, 11 Okla. Cr. 494, 148 P. 676; Cotton v. State, 22 Okla. Cr. 252, 210 P. 739.

The cause is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.