## CHARLIE HILL v. STATE.

No. A-6981.   Opinion Filed Jan. 25, 1930.
(287 Pac. 1080.)

Lunsford & Windham, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.    The plaintiff in error, hereinafter called the defendant, was by information charged with the crime of seduction under a promise of marriage, was tried and convicted, and his punishment fixed at two years in the state penitentiary.    Motion for new trial was filed, considered, and overruled, exceptions saved, and the defendant has appealed to this court.

The testimony of the prosecutrix, Dalphfan Barlow, tends to show that the defendant in this case began keeping company with her, taking her out to shows, church, and other places in and around the town of Heavener, the home of the defendant and prosecutrix; that some time after they began keeping company they became engaged and were to be married some time during the fall or winter; that the defendant began to persuade the prosecutrix to have sexual intercourse with him, and upon a promise of marriage the prosecutrix consented, and the defendant had sexual intercourse with the prosecutrix several times,

until the prosecutrix says she advised the defendant that she had become pregnant.

The testimony of the mother of the prosecutrix shows that she had a talk with the defendant, and that he told her he was going to marry her daughter, that he knew no one else had ever had anything to do with her, and that he was the only one that had ever had sexual intercourse with her. The proof further shows the corroboration of the prosecutrix as to the defendant being in company with the prosecutrix at different times along about the time it is claimed by the prosecutrix that she had sexual intercourse with him under a promise of marriage.

The defendant admits he had sexual intercourse with the prosecutrix on several occasions, but denies it was under promise of marriage. He states she willingly consented. The defendant then offers testimony of a number of parties tending to show that the prosecutrix had been out with other men during the time the defendant was having sexual intercourse with her. The defendant called several witnesses who testify to having had sexual intercourse with the prosecutrix.

The prosecutrix testified that she had never had sexual intercourse with any one excepting the defendant. The testimony is voluminous, and it would serve no useful purpose to set it out in detail.

The defendant has assigned fourteen errors alleged to have been committed by the trial court. We will first consider the fifth assignment of error, which is:

"That the said trial court erred in that after the jury had been impaneled and sworn to try said cause and the state placed a witness on the stand the defendant objected to the introduction of any testimony on the part of the state upon the ground that the information did not state facts

sufficient to constitute a public offense which objection was overruled and exceptions saved but the court immediately thereafter reconsidered said objection and it was sustained, whereupon the county attorney requested and was granted over the objection of the defendant permission to amend the information in a matter of substance; the material portion of the original information being in words and figures as follows, to wit:

"That is to say that he, the said Charlie Hill did then and there wilfully, unlawfully and feloniously under and by virtue of a promise of marriage have sexual intercourse with and carnally know Dalphfan Barlow, a female, not the wife of him, the said Charlie Hill and of previous chaste and virtuous character."

The amendment the court permitted the county attorney to make after he had sustained the objection to the information, and after the jury had been impaneled and some testimony taken, is as follows: Following the word "Barlow," the court permitted the amendment to read, "an unmarried," and before the word "female" the county attorney was permitted to strike out the letter "a" and insert "unmarried," so that the information, instead of reading "a female" would read, "an unmarried female"; the only amendment being the prosecutrix was an unmarried female. The defendant objected to the court permitting the state to make the amendments shown, and in his brief he argues the first, second, third, and fourth assignments in connection with the fifth assignment, and presents the question that the court committed an error forcing him to trial, over his objections and exceptions, on the amended information upon which he had never been arraigned, and to which he had never been afforded an opportunity to plead; and, further, that the court erred in denying the defendant's request for a reasonable time in which to investigate the allegations contained in the amended information and prepare for trial thereon. The

defendant urges that the action of the court in denying his request deprived him of that fair and impartial trial guaranteed to him by the Constitution and the statutes of the state of Oklahoma.

Section 2512, Comp. Stat. 1921, provides:

"An information may be amended in matter of substance or form any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Under the provisions of this section of the statute, an information may be amended in matter of substance or form any time before plea without leave of the court, and may be amended after plea on order of the court, where the same can be done without material prejudice to the rights of the defendant; and it is specially provided in said section that no amendment shall cause any delay of the trial, unless for good cause shown by affidavit. Nowhere in the record does it appear that the defendant filed an affidavit showing good cause for a delay of the trial. He does not show by affidavit that he was taken by surprise when the amendment was made by stating the prosecutrix was an unmarried female. The only question urged by this defendant is that the amendment was an amendment in substance, and for that reason without any showing on his part that he was entitled to have a continuance or a delay until he could investigate and prepare for trial. He does not contend that the information, as amended, charged a different offense than that in the original complaint upon which he had a preliminary trial.

Section 17, art. 2, of the Constitution, provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

It will be seen from this section that, in a prosecution for a felony in the district or superior court, there must first be had a preliminary examination. At this preliminary examination the defendant is entitled to be heard by himself and counsel, and is accorded all the rights afforded him in a final trial, except it is not necessary for the state to establish guilt to a greater extent than to show probable cause. The state must show at the preliminary examination that a crime has been committed and that there is probable cause to believe that the defendant committed it. The preliminary hearing is prior to the filing of the information in the trial court, and this examination must be given the defendant and filed in the district or superior court in order to give the trial court jurisdiction of the case.

In Little v. State, 21 Okla. Cr. 1, 204 Pac. 305, in the first paragraph of the syllabus the court said:

"In prosecutions for felony by informations, no amendment to the information in the trial court is permissible, either before or after plea, which has the effect of charging an offense for which no preliminary examination had been given or waived by the defendant."

In this case the record shows that the defendant had waived arraignment and entered his plea of not guilty, and made no objection to the information until after the jury was impaneled, sworn, and the state called a witness; then for the first time he objected to the information. The

record discloses that, after the request of the defendant was made for a delay to prepare his defense, the court directed the trial to proceed, and the defendant proceeded to trial, and the trial was conducted the same as any other trial, and the defendant had every opportunity to present his defense. The prosecuting witness testified she was an unmarried woman, and the defendant did not offer any evidence to contradict this fact. We held that the rights of the defendant were not prejudiced by reason of the case proceeding to trial without the defendant entering a formal plea of not guilty to the information as amended; there being no competent showing that the defendant was prejudiced in any way whatever by the action of the court in permitting the amendment and ordering the trial to proceed. Hammons v. State, 46 Okla. Cr. ......, 287 Pac. 1076.

It is further urged by the defendant that the court erred in his instruction No. 5, to the jury, which was prejudicial to the rights of the defendant. This instruction has been carefully studied, and, while it is not artistically drawn, it does not impose any burden upon the defendant to establish any fact, but leaves the jury free to acquit him, if it had a reasonable doubt that the prosecuting witness consented to said act of sexual intercourse for any other reason than by a promise of marriage by the defendant. Taking the instructions in their entirety, the court correctly instructed the jury as to the law in this case.

It is further argued by the defendant that there is not sufficient corroboration of seduction under promise of marriage of the prosecuting witness. With this contention we cannot agree. The testimony of the prosecuting witness shows that, after she became acquainted with the defendant, he accompanied her to different places, and they became engaged to marry, and that she yielded to the

pleadings of the defendant upon a promise of marriage. The testimony further shows that she was unmarried, and that the cause of her consenting to have sexual intercourse with the defendant was his promise of marriage. The mother of the prosecuting witness testified that the defendant told her he would marry the prosecutrix; the prosecuting witness also testified she had never had sexual intercourse with any other man. The only controverted facts in the evidence, which under the law are required to establish a case of seduction under a promise of marriage, is the fact that she was of previous chaste character. Upon this question the defendant offered several witnesses who say they had had sexual intercourse with her prior to the time it is alleged the seduction took place. This controverted fact was considered by the jury, and the jury by its verdict determined that question in favor of the state. This court has repeatedly held that, where there is any competent evidence to sustain the verdict, though the evidence was conflicting, it would not disturb the same.

This court has further held that, in a prosecution for seduction under a promise of marriage, it is not necessary that the promise should be expressed in any set form or any particular language. Doughty v. State, 33 Okla. Cr. 94, 242 Pac. 1059.

After a careful study of the record, we hold that the defendant was accorded a fair and impartial trial; that the court substantially declared the law applicable to the facts in the case.

Finding no fundamental or prejudicial errors in the record sufficient to justify a reversal, the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.