# JUSTIN McCARTY v. STATE.

No. A-7146.  Opinion Filed March 15, 1930.
(287 Pac. 1053.)

Wallace G. Hughes and A. S. Dickson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was tried and convicted of driving an automobile upon the public highway while under the influence of intoxicating liquor and was sentenced to pay a fine of $450; from which judgment and sentence the defendant has appealed to this court.

The defendant and the state entered into a stipulation whereby defendant waived all question as to the sufficiency of the evidence to support the verdict of the jury rendered, and the state waived all objection and exceptions to the case-made by reason of the elimination from the case-made of the testimony.

When the case was called for trial the defendant filed a demurrer to the information on the ground: First, the information did not charge the defendant with the commission of any crime under the laws of the state of Oklahoma. Second, that said pretended information was vague and indefinite as to what crime, if any, this defendant was alleged to have committed. Which demurrer was overruled, and defendant excepted. An examination of the information shows that part of the information we deem necessary to refer to is as follows:

"That Justin McCarty did in Texas county, in the state of Oklahoma, on or about the 14th day of January, in the year of our Lord one thousand, nine hundred and twenty-eight, and anterior to the presentment hereof, commit the crime of operating, propelling and driving a motor vehicle upon the public highways while under the influence

of intoxicating liquor, in the manner and form as follows, to wit:"

The remainder of the information describes where the automobile was driven by the defendant, but omits the language, "while under the influence of intoxicating liquor." After the testimony was taken the state asked permission to amend the information by inserting the words, "and being then and there drunk and under the influence of intoxicating liquor," after the words, "then and there being," and before the words, "did then and there, wilfully," etc. The defendant objected to this, which objection was overruled, and the court permitted the amendment.

It is urged by the defendant that the original information filed in this case was a nullity, that the charging part of the information did not charge the defendant with any offense, and the defendant urges that the court went too far in this case by permitting the state to amend the information after the testimony had been taken, and urges that the plain provisions of the law should have been respected by the court, that when the court found the information insufficient the jury should have been discharged and the case passed for trial to such time as the statutes could be complied with.

Section 2512 Comp. St. 1921, provides:

"An information may be amended in matter of substance or form * * * before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Under the provisions of this section of the statute the information may be amended in matter of substance

or form any time before plea without leave of the court, and it may be amended after plea on order of the court, where the same can be done without injury or material prejudice to the rights of the defendant. It is further specially provided in said section that no amendment shall cause any delay of the trial unless for good cause shown by affidavit. It nowhere appears in the record that the defendant filed an affidavit showing good cause for delay of the trial, nor does the record disclose that he ever asked to have the case passed, alleging that he was surprised and not prepared to meet the amended information. The only question urged by the defendant is that the amendment was an amendment in substance, and, for that reason, without any showing on his part, the court should have granted a continuance or delayed the trial until some future date. No contention is made by the defendant that the amendment permitted to the information charged a different offense than that alleged in the original information.

It is contended by the Attorney General that the information was sufficient before it was amended to apprise the defendant of the charge against him, and what he was expected to meet in the trial.

Section 2564 Comp. St. 1921, provides:

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

"An information is sufficient, if it pleads every element essential to charge the crime pleaded, in plain, concise, and intelligible language, and apprises the defendant in an intelligible way of precisely what he must be prepared to meet." Teague v. State, 13 Okla. Cr. 270, 163 Pac. 954.

If the defendant desired to have the case continued on the ground that the amendment made by order of the court to the information was an amendment in substance, he should have asked the court for time to prepare the application for continuance or delay until such a time as he could prepare to meet the amended information, and should have supported the application by an affidavit; failing to do so he waived any right he might have under the statute. The amendment as made did not change the charge against the defendant, and, in the absence of a showing to the contrary, we hold that the rights of the defendant were not prejudiced by the amendment. Hill v. State, 46 Okla. Cr. 56, 287 Pac. 1080, and Hammons v. State, 47 Okla. Cr. ......, 287 Pac. 1076.

It is next urged by the defendant that information No. 5, given by the court, was erroneous, in that it assumed that the section line described in the information was a public highway. Defendant says that this instruction was put in issue by a plea of not guilty and was a question for the jury to determine, and that the instructions of the court wholly failed to inform the jury what constitutes a public highway.

Section 9988, Comp. St. 1921, is as follows:

"All section lines in the state are hereby declared public highways. The public highways shall not be less than thirty-three nor more than sixty-six feet in width, according to the dedication, reservation or condemnation thereof."

The information in this case charges that the defendant drove his car along the public highway running east and west between section 30 and 31, township 2 north of 13 east, E. C. M., in said county and state. This contention of the defendant is without merit, as that statute

defines what it takes to constitute a public highway; therefore the objection of the defendant to instruction No. 5 is without merit.

It is next urged by the defendant that the supplemental motion for a new trial should have been sustained, on the ground of the misconduct of some of the jurors. The conduct of the jurors in this case was unwarranted, and their action was evidently brought about without any intention on the part of any of the jurors to violate the court's instruction. However, under the stipulation in this case that the testimony is sufficient to sustain the verdict, the conduct of the jurors as to going to the place where the damaged car was is not a proper question for this court to consider; the only question being raised in this case is the question as to whether or not the court erred in permitting the state to amend the information after the testimony had been taken, and in overruling the defendant's demurrer to the original information, and the failure of the court to instruct the jury as to what constitutes a public highway.

We hold that the court did not err in overruling the defendant's demurrer to the original information, nor did the court err in permitting the information to be amended by inserting the words, "and being then and there drunk and under the influence of intoxicating liquor." The motion for a new trial and in arrest of judgment were properly overruled. The defendant was accorded a fair and impartial trial. The court properly instructed the jury as to the law.

Finding no errors in the record, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.