## OBIE ROBERTSON v. STATE.

No. A-8125. Jan. 9, 1932.
Rehearing Denied April 9, 1932.

(9 Pac. [2d] 963.)

J. W. Bolen and King & Crawford, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Pontotoc county of seduction and his punishment fixed at confinement in the penitentiary for a term of 60 days and a fine of $1,000.

The record discloses that at the time charged defendant, who was of the age of 23 years, seduced under promise of marriage one Zenobia Jervis, of the age of 20 years. The prosecutrix testified to the acts of intercourse under promise of marriage. The only corroboration of her testimony is that she kept company with defendant and that she told her mother and made some quilts preparatory to getting married. This testimony was weakened somewhat on cross-examination. Defendant admits he had intercourse with prosecutrix, but denies he ever made any promise of marriage. Several male witnesses testified that at about the time charged they had intercourse with prosecutrix. This testimony was denied by prosecutrix. The corroboration required by section 2703, Comp. Stat. 1921, is not strong, but it is sufficient to carry the case to the jury and to sustain the judgment. Hill v. State, 46 Okla. Cr. 56, 287 Pac. 1080. The testimony offered by defendant appears credible, but it is a well-settled rule of this court that the jury is the exclusive judge of the weight of the evidence. If there is a clear conflict in the evidence, or if it is such that different inferences can be drawn from it, the finding of the jury will not be disturbed, unless the verdict is so clearly against the weight of the evidence as to indicate that it is a result of passion or prejudice. We will not reverse the judgment on the weight of the evidence. Argument is made that the court erred in refusing certain instructions requested by defendant, and in several of the instructions given. Some of the instructions complained of are involved and inaptly worded. However, considered as a whole, they are as favorable to defendant as the law warrants, and could not

have misled the jury. Such errors as they contain are harmless. Upon consideration of the entire case, we are of the opinion that justice requires the judgment be modified by striking out the imprisonment assessed. As modified, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.