## V. M. HARRY v. STATE

No. A-9095. May 23, 1936.
(58 Pac. [2d] 340.)

W. Lee Johnson and McCollum & McCollum, for appellant.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Carl D. McGee, Co. Atty., for the State.

DOYLE, J. This appeal is from a judgment of conviction and sentence to pay a fine of $1,000 and costs, pronounced and entered October 3, 1935, in the district court of Pawnee county upon a plea of guilty entered by appellant, V. M. Harry, following his arraignment on an indictment presented in open court by the grand jury, and filed November 28, 1934, which indictment, omitting formal parts, reads as follows:

"in the name and by the authority of said state of Oklahoma, do present and find that in said county of Pawnee in said state of Oklahoma, on the 30th day of July, in the year of our Lord, One Thousand Nine Hundred and Thirty-two one V. M. Harry, a person then and there being did, then and there, knowingly, wilfully, unlawfully, feloniously commit the crime of receiving a deposit in an insolvent bank, in the manner and form as follows, to wit:

"That said defendant, V. M. Harry, being then and there a director and Chairman of the Board of Directors, and active managing officer of the First Commerce Bank, and the said First Commerce Bank being then and there a banking corporation, organized and existing under and by virtue of the laws of the State of Oklahoma, and engaged in transacting a general banking business at Ralston, Pawnee County, Oklahoma, did then and there unlawfully, wilfully and feloniously receive and accept a deposit in said bank and was accessory to, and did permit and connive at the receiving and accepting on deposit in said bank the sum of Twenty Two and 50/100 Dollars ($22.50) in money, bank bills, bank notes, United States Treasury Notes, gold certificates, silver certificates, currency, checks, drafts of the value of Twenty Two and 50/100 Dollars ($22.50), the personal property of one George Price, when said bank was then and there insolvent, and the said defendant then and there knew said bank was insolvent, contrary to the form of the Statute and the Constitution of the State of Oklahoma in such case made and provided."

The assignments of error are:

First. That the indictment was insufficient both as to form and substance to give the said district court jurisdiction over the person of said defendant, and insufficient to confer jurisdiction upon said court to pass the judgment and sentence herein appealed from.

Second. That the judgment and sentence of the court is excessive.

Counsel for appellant in their brief say:

"We submit two propositions to the court for its careful consideration:

"First. That the trial court did not have jurisdiction because the indictment is nothing more or less than a general letter written by the county attorney to the district

court of Pawnee county, with the indorsement of the grand jury.

"Furthermore, the indictment is duplicitous. It accuses the defendant with four separate and distinct things.

"First, receiving and accepting a deposit.

"Second, being an accessory to receiving and accepting a deposit.

"Third, that he permitted the receiving and accepting the deposit.

"Fourth, that he connived at the receiving and accepting the deposit."

It is strenuously insisted that the indictment fails to charge an offense because it does not allege the bank was insolvent at the time the deposit was received.

Upon the record in this case the only question presented is the sufficiency of the indictment to charge an offense.

The true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635; Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552.

An indictment cannot be attacked upon appeal unless some foundation was laid therefor before final judgment was rendered. The defendant may take advantage of a defective indictment by demurring thereto before the trial, or by motion in arrest of judgment.

The function of a demurrer, which was not resorted to by the defendant in this case, is to defeat the indict-

ment without a trial, whenever it appears upon the face thereof that it is subject to one or more of the five objections named in the statute. Section 2948, St. 1931. These objections can be taken only by demurrer, "except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Section 2956. Stone v. State, 12 Okla. Cr. 313, 155 Pac. 701; Franklin v. State, 17 Okla. Cr. 348, 188 Pac. 686; Cotton v. State, 22 Okla. Cr. 252, 210 Pac. 739; Rhodes v. State, 58 Okla. Cr. 1, 49 Pac. (2d) 226.

If no crime is charged in the indictment, then none is confessed by pleading guilty thereto, and this question may be considered though for the first time raised on appeal as in this case.

It is an elementary principle in criminal jurisprudence that every material fact essential to the commission of a criminal offense must be alleged in the indictment or information.

There can be no conviction or punishment for a crime without a formal and sufficient accusation. In the absence thereof the court acquires no jurisdiction whatever, and if it assumes jurisdiction, the trial and conviction are a nullity. 31 C. J. 559.

Our Procedure Criminal, St. 1931, § 2892, provides:

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

So we see, by the express language of the statute the omission of any matter of form from an indictment which does not tend to the prejudice of the substantial rights of a defendant upon the merits does not affect the sufficiency of an indictment.

In McCarty v. State, 46 Okla. Cr. 332, 287 Pac. 1053, it is held:

"An information is sufficient if it pleads every element essential to charge the crime pleaded, in plain, concise, and intelligible language, and apprises the defendant in an intelligible way of precisely what he must be prepared to meet."

Upon the record before us we conclude, and it is our opinion, that the information was sufficient to apprise the defendant of the nature of the offense charged and the acts and circumstances of its commission, and was sufficient to authorize the court to pronounce judgment on a conviction according to the right of the case.

It appears from the transcript of the proceedings in the court below that when the defendant withdrew his plea of not guilty and interposed the plea of guilty, leave of court was asked and granted to introduce proof in mitigation.

Counsel in their brief say:

"We invite the court's careful consideration of the record. It is short, concise, and to the point. We will not attempt to restate the evidence, but ask the court to read the testimony of plaintiff in error himself and the other eleven witnesses. It shows that plaintiff in error is a member of an excellent family; that he is an excellent character himself; that he has lived in the community of Ralston, Oklahoma, practically all of his life and has at all times borne an excellent reputation; that he tried to save the bank; that he fought to gain through most of

the depression, but he couldn't save the ship. It finally sank. He and the Harry family broke themselves trying to save the bank. They are insolvent. Plaintiff in error has no money. He has no property. He is a married man, with a wife and family of children. He has exhausted his credit. To require him to pay a fine of $1,000 means incarceration for a long period of time. The law under which plaintiff in error was prosecuted was not intended to crush an honest banker. It was intended for the law violator. To permit this fine to stand means the ruin of plaintiff in error and his family. It he had the money with which to pay the fine it wouldn't be so bad, but he hasn't, and there is no way of getting it. This fine should be reduced to at least $50. This amount the plaintiff will be able to pay, together with the costs.

"We conclude, therefore,

"First. That the trial court was without jurisdiction.

"Second. That the fine assessed in this case is grossly excessive. That if the fine is not set aside in toto by reason of the court not having jurisdiction, then the fine should be reduced not to exceed $50."

Under our statute the plea of guilty may be entered in all criminal cases, and the effect of such a plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law.

The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term at which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put in operation, is undeniable. This power is inherent in all courts of record. Rupert v. State, 9 Okla. Cr. 226, 131 Pac. 713, 45 L. R. A. (N. S.) 60.

The defendant was represented by able counsel, who it appears did not see fit, after judgment was rendered

and sentence imposed, to file a motion to modify the judgment for the reasons stated, by reducing the fine imposed.

The power to pardon, parole, reprieve, or commute is vested in the chief executive of the state (Const. art. 6, § 10), and this is the source from which relief must be obtained in such cases as this. The judicial power to modify a judgment and sentence by reducing the punishment when deemed proper in furtherance of justice, and the executive power to pardon, parole, or commute are wholly distinct in their nature. The one is an award of justice, and the other an act of grace. Clemency is a matter of discretion and may be refused. Justice is imperative and must not be denied. In other words, the provision of our Criminal Procedure Act makes it the duty of this court to review the record, and in a proper case, if necessary in furtherance of justice, modify the judgment so as to prevent the imposition of punishment which the evidence will not warrant. Section 3204, St. 1931.

In the case of Ex parte Wagner, 58 Okla. Cr. 161, 50 Pac. (2d) 1135, this court held, where defendant is sentenced to pay fine and costs:

"The punishment or the penalty is the payment of the fine and costs. The commitment until the fine and costs are paid, or satisfied, is no part of the punishment; it is the mode of executing the sentence, that is, of enforcing the payment of the fine and costs."

In the opinion it is said:

"No one would deny the proposition that a person cannot be taken to the state penitentiary, and detained there as a punishment without an accusation, trial by jury, conviction, and sentence in the due and orderly course of law. Nothing less than these forms would amount to due process of law; when an infamous punishment is to be

imposed. No one would deny that such an act, done by the state, would be in direct defiance of the Constitution. When a defendant convicted in the due and orderly course of the law is adjudged to pay a fine and costs and the court in execution of the sentence orders the defendant, 'to be taken to the state penitentiary at McAlester, Oklahoma, to be incarcerated in said penitentiary until the said fine and costs are paid or time served for the same,' such imprisonment would be another and separate punishment. The very statement of the proposition would seem to be its proof, and such imprisonment would not be due process of law. In such a case due process of law requires that a defendant shall not be subjected to a punishment infamous in character to enforce the payment of a fine and costs or until the same is satisfied."

Article 33, chapter 17, St. 1931, entitled "Execution of Judgment," provides:

Section 3164. "When any poor convict shall have been confined in any prison for the space of six months, for non-payment of fine and costs only, or either of them, the sheriff of the county in which such person shall be imprisoned shall make a report thereof to any two justices of the peace for such county; if required by such justices, the said keeper shall bring such convict before them, either at the prison, or at such other convenient place thereto as they shall direct; the said justices shall proceed to inquire into the truth of said report, and if they shall be satisfied that the report is true, and the convict has not had since his conviction any estate, real or personal, with which he could have paid the sum for the non-payment of which he was committed, they shall make a certificate thereof to the sheriff of the county, and direct him to discharge such convict from prison and the sheriff shall forthwith discharge him."

Upon a careful review of the record in connection with the foregoing statutory provision, we cannot say that the punishment imposed is excessive. Upon the record

before us we think our duty is fully performed by an affirmance of the judgment of the trial court.

Judgment affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.